CLARA E. BANCROFT & others, executors, *vs.* SARAH H. BANCROFT & others.

A testator, in his will, gave a sum to his daughter absolutely, and another sum to trustees to pay the income to her for life, and on her death pay one quarter of the principal as she should by will appoint, and three quarters among her issue, if any, her surviving, as she should by will appoint; and directed that the bequests to her " or for her benefit, to be held in trust or otherwise, as aforesaid," should be preferred to other legacies. His estate was insufficient to pay both sums. *Held*, that they should abate *pro rata.*

BILL IN EQUITY by the executors of the will of Edward P. Bancroft, praying for instructions as to the payment and distribution of his estate in their hands. The case, as it appeared from the bill and answers, on which it was reserved by the chief justice for the determination of the full court, was as follows:

The testator, in his will, after making a bequest for the benefit of his wife, gave to his daughter the sum of $50,000, " to have and to hold the same to her and her executors, administrators and assigns, to her and their use and behoof forever;" and also gave to his executors the sum of $150,000, in trust to pay the income to his daughter during her life, free from the control of any husband, and upon her decease to pay three quarters of the principal among her children as she might by will direct, and one quarter to such persons as she should by will direct, and, if she died intestate, to divide it equally among her children; but if she died without leaving issue, then to pay one quarter as she should by will direct and three quarters to and among the testator's wife, and his brothers and sisters and their issue; and if, at his daughter's death, neither his wife nor his brothers nor sisters, nor any of their issue, should be living, then to pay the same to his daughter's heirs.

He then gave several legacies, and to his executors the residue of his estate "for the benefit of my said daughter, and upon the trusts hereinbefore created and set forth," and directed his executors, in case the estate should prove insufficient for the payment of all his legacies and bequests, to apply it first to the payment in full of the bequest to his wife; second, "to the payment in full of the bequests to my said daughter or for her benefit, to be held in trust or otherwise as aforesaid;" and third, to the payment to the other legatees of such proportion of their legacies as the residue, divided *pro rata*, should suffice for.

After payment of the testator's debts and the bequest to his wife, there remained in the plaintiffs' hands about $70,000.

*R. D. Smith*, for the daughter.

*H. W. Paine*, for other legatees.

GRAY, J. The testator expressly directs that in case his estate shall prove insufficient to pay all his bequests and legacies, the bequests to and for the benefit of his daughter shall be postponed to the provisions for his wife, and be preferred to the legacies to other persons; and that those legacies shall share *pro rata* in the residue, if insufficient to pay them all. As between the absolute bequest of fifty thousand dollars to the daughter, and that of one hundred and fifty thousand dollars in trust to pay the income to her for life and the remainder to her issue and appointees, he neither directs nor indicates any preference, but includes in one class "the bequests to my said daughter or for her benefit, to be held in trust or otherwise as aforesaid." The residue of his estate, after fulfilling the provisions made for his wife, is insufficient to satisfy these two bequests. It must therefore be proportionally divided between them, one fourth paid to the daughter absolutely, and three fourths held in trust for her benefit according to the will. *Miller* v. *Huddlestone*, 3 Macn. & Gord. 513, and Law Rep. 6 Eq. 65. *Coore* v. *Todd*, 7 De Gex, Macn. & Gord. 520.

*Decree accordingly.*