FRANK E. DOWNER *vs.* DANIEL B. WHITTIER.

Suffolk. March 9, 10. — May 9, 1887. FIELD, C. ALLEN, & GARDNER, JJ., absent.

Certain shares of stock in a corporation were pledged as collateral security for the payment of a promissory note, with power to sell the same at public or private sale. After the maturity of the note, the payee frequently wrote to the maker, stating that he must sell the stock unless something was paid on the note. About a year and a half after the maturity of the note, the payee wrote to the maker that he should sell the stock on a certain day, which was seven days later. The maker made no reply to this letter, and on the day named the payee sold the stock to A., and applied the proceeds in part payment of the note. The old certificate was sent to the maker, who was the treasurer of

the corporation issuing the stock, and he, as treasurer, made the transfer on the books of the corporation, and issued a new certificate to A. About two years afterwards, the corporation sold out to another company of which the maker was also treasurer, and he, as treasurer, issued new stock to A. in exchange for the old stock. The maker did not, at the time of these transactions, make any objection to the sale, or to the notice given to him, nor at any time before the action was brought, which was seven years after the sale. *Held*, that these facts would warrant a finding that the maker had waived any further notice of the sale than he had received.

A policy of life insurance was pledged as collateral security for the payment of a promissory note, with power to sell the same at public or private sale. The maker of the note, having been pressed for payment, wrote to the payee, fifteen months after the maturity of the note, that he could pay him a certain sum for the policy. The payee replied, that he had been offered a larger sum for it, and, unless the maker could pay him that amount, he should sell it. The maker made no reply, and, seven months later, the payee sold the policy for its value at that time, and notified the maker of the sale. He never made any objection or complaint for over seven years. *Held*, that these facts would warrant a finding that the maker had waived any further notice than he had received.

In an action upon a promissory note, payable within a certain time after date " with ten per cent annual interest," in which the plaintiff recovers judgment, if there are two partial payments on the note after its maturity, interest is to be computed on the principal at the rate of ten per cent to the time of the first partial payment, which is less than the interest due; and is then to be computed on the principal to the time of the next payment, and both payments, which together are more than the interest then due and enough to reduce the principal below the original amount, are to be subtracted ; and interest is then computed on the balance to the date of the judgment.

CONTRACT, on a promissory note, for $1500, dated December 2, 1884, payable three years after date to the order of the plaintiff, " with ten per cent annual interest," signed by the defendant and witnessed. There was an indorsement on the note of $63.30, received on May 31, 1879, from the sale of two hundred and eleven shares of the Magoon Heater Company. Writ dated June 21, 1886.

At the trial in the Superior Court, without a jury, before *Hammond*, J., the defendant proved that he delivered to the plaintiff, a woman, as collateral security for the payment of the note, the shares of stock referred to in the indorsement on the note, and also an endowment policy of insurance upon his life for $2000, maturing November 1, 1886, under an agreement in writing, by the terms of which the plaintiff was to have the right " to sell said stock and said policy at public or private sale, in Boston or elsewhere, and apply the proceeds to the payment of said note, and hold the balance to be collected in the same

manner as the original note might have been collected, had no security been given."

The plaintiff admitted that this policy was sold by her in October, 1879, for $1494.56, and that this amount should be credited upon the note. It was admitted by the defendant that this amount was the full value of the policy at that time.

The defendant contended that the agreement in regard to the collateral security did not waive the necessity of notice of an intention to sell, and of the time, place, and manner of sale; and that, if any notice was given, it was insufficient, and that by reason thereof the plaintiff could not recover the amount claimed. The judge, without ruling upon the question of law thus raised as to notice, found that there had been a waiver by the defendant of any right of notice which he might have had. The evidence upon which this finding was made appears in the opinion.

The defendant contended that interest, at the contract rate of ten per cent, should be computed on the principal debt from the date of the note to the time of judgment; that interest, at the same rate, should be computed on the several amounts received upon the sale of the collateral security from the respective dates when the same were received down to the date of judgment; that the sum of said amounts, with the interest as thus computed, should be subtracted from the principal debt, with interest as above computed; and that the balance would be the amount for which judgment should be given.

The defendant further contended, that, if the method were adopted of computing interest on the principal debt to the time of the respective payments, and of subtracting said payments from the total amount due at the times they were made, the sum of said payments, amounting as they did to more than the face of the debt, the balance should be considered as interest upon which no subsequent interest should be computed.

The judge ruled that judgment should be entered for the amount found, by computing interest on the principal debt at the contract rate of ten per cent to the time of the first payment, which was less than the interest then due; then computing further interest on the principal to the time of the next payment; then subtracting both payments, which together were

more than enough to wipe out the interest due at that time, and enough to reduce the principal debt below the original amount; and then computing interest on the balance of the original note as thus given to the date of judgment.

The judge found for the plaintiff in the sum of $1125; and the defendant alleged exceptions.

*E. W. Burdett*, for the defendant.

*A. M. Lyman*, ( *C. F. Perkins* with him,) for the plaintiff.

MORTON, C. J. The note in suit became due in December, 1877. After its maturity, the plaintiff frequently wrote to the defendant, stating that she must sell the stock unless he paid something on the note; finally, about May 24, 1879, she wrote him that she should sell the stock on May 31, 1879; he made no reply to this letter, and, on the day she had named, she sold it to her mother. The old certificate was sent to the defendant at Boston; he was the treasurer of the corporation, and, in his capacity as treasurer, he made the transfer on the books, and issued a new certificate to the plaintiff's mother. About two years afterwards, the corporation sold out to another company of which the defendant was treasurer, and he, as treasurer, issued new stock to the plaintiff's mother in exchange for the old stock. The defendant did not, at the time of these transactions, make any objection to the sale, or to the notice given to him, nor at any time before this suit was brought. If he objected to the sale, good faith and fair dealing required that he should have notified the plaintiff of his objection. His failure to do so, his failure to answer her letter notifying him of her intention to sell, and the fact that he allowed six years or more to pass without making any objection to the sale, point strongly to the conclusion that he had no objections to the plaintiff's proceedings, and would justify a jury or the court in finding that he intended to waive, and did waive, any right he may have had to a more formal or longer notice.

Very much the same considerations apply to the sale of the endowment policy. She was pressing the defendant for the payment of his debt in whole or in part, and in March, 1879, he wrote her that, by borrowing on the policy as collateral security and by paying something out of his own funds, he could pay her $1350 for the policy. To this letter she replied that she had

been offered $1453 for the policy, and, unless he could pay her that amount, she should sell it. He made no reply to this, and, in October, 1879, she sold it for $1494.56, which was its full value. She notified him of the sale, and he never made any objection or complaint until after this suit was brought. His conduct leads to the inference that he assented to the sale, and justified the court in finding that he had waived the right to further notice, if he had any such right.

The only other question is whether the court erred in assessing the damages. The court adopted the rule laid down in *Dean* v. *Williams*, 17 Mass. 417, and approved in *Ferry* v. *Ferry*, 2 Cush. 92,* and which has since been uniformly acted upon in our courts. The plaintiff is, therefore, entitled to judgment for the sum found by the court.                    *Exceptions overruled.*

* See also *Blanchard* v. *Cooke, ante,* 207, 222.