AUGUSTUS P. LORING, executor & trustee, *vs.* CAROLINE A. THOMPSON.

Suffolk.    May 21, 1903. — September 1, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Devise and Legacy. Executor. Interest.*

A testator gave two certain sums of money to trustees to pay the net income of each fund to a legatee for life with a remainder to others. He gave a third sum of money to a legatee absolutely. At the end of a year from the death of the testator the amount available for the legacies was in the hands of the executor but the estate was insufficient to pay the legacies in full. *Held,* that the legacies abated proportionally, but that the income upon the trust funds that would have been earned if they had been invested by a trustee during the year after the death of the testator was to be included in determining the proportions.

Where a sum of money is given by will in trust for the benefit of a person for life, the income to which the beneficiary is entitled under R. L. c. 141, § 24, from the death of the testator until the legacy is payable to the trustee, is to be determined by the actual income that the fund would earn if properly invested without regard to the rate of interest established by law.

BILL IN EQUITY, filed March 30, 1903, by the executor and trustee under the will of Mary S. B. Thompson, for instructions.

The case came on to be heard before *Braley,* J., who by agreement of parties reserved it upon the bill and answer for determination by the full court, such order to be made therein as justice and equity might require.

*A. P. Loring, pro se.*

*J. Noble, Jr.,* for the defendant.

KNOWLTON, C. J. The testatrix, by her will, gave $30,000 to trustees, to hold and invest and pay the net income thereof to Charlotte S. Averill for life, and the remainder to others, $15,000 upon the same terms to the same trustees for the benefit of Amy S. Perry for life, with remainder over, $5,000 absolutely to Caroline A. Thompson, and the residue to Charlotte S. Averill. The estate is insufficient to pay these legacies in full. If the estate had been sufficient, one life tenant would have been entitled to the income of the fund of $30,000 from the death of the testatrix, the other to the income of the fund of $15,000 from the same time, and the trustee would have had the principal of each of these funds to be held for future payments. *Sargent* v. *Sargent*, 103 Mass. 297, 299. *Westcott* v. *Nickerson*, 120 Mass. 410. *Kinmonth* v. *Brigham*, 5 Allen, 270, 278. *Ayer* v. *Ayer*, 128 Mass. 575. R. L. c. 141, § 24. Caroline A. Thompson also would have been entitled to $5,000 at the expiration of a year from the death of the testatrix. These are all general legacies, and because of the deficiency of assets they abate in · equal proportions. *Bancroft* v. *Bancroft*, 104 Mass. 226. *Babbidge* v. *Vittum*, 156 Mass. 38. In considering these proportions we must take into account the fact that each of the funds held in trust is to be increased by the income that it would earn in one year, in order to ascertain the amount that would belong to it at the time when the $5,000 would be payable to Caroline A. Thompson. If the income on these funds were computed at the rate of four per cent per annum, and if the estate had been sufficient to pay these legacies in full, the first trust fund with its accrued income at the end of a year, would have been $31,200; the second trust fund with its accrued interest would have been $15,600, and the legacy to Caroline A. Thompson would have been $5,000, making the aggregate $51,800. At the end of a year from the death of the testatrix, when the estate was so far settled that the money could be paid over to the legatees, the amount available in the hands of the executor was $47,600. Estimating the income on this basis, the several legatees are entitled to share this sum in the following proportions, namely: the trustee is to have $\frac{31,200}{51,800}$ of it for the first fund; he is to have $\frac{15,600}{51,800}$ of it for the second fund, and Caroline A. Thompson is to have $\frac{5,000}{51,800}$ of it.

An important question is whether the beneficiaries of the trust funds are to have income reckoned at the rate of six per cent per annum, or at a lower rate. It is a fact of common knowledge that not so large an income as this can ordinarily be obtained from safe investments. Formerly this question was not of much practical importance and was not often considered. Whenever interest is to be allowed for the failure to pay a legacy at the time when, by the terms of the will, it is payable, or for any other neglect to pay money, the law knows no other rate than six per cent per annum. *Welch* v. *Adams*, 152 Mass. 74. *Loring* v. *Massachusetts Horticultural Society*, 171 Mass. 401. *Bartlett, petitioner*, 163 Mass. 509, 521. Indeed, interest on a pecuniary legacy from the time when it becomes due, is allowed as incident to the principal demand, and is not imposed upon the executor for his neglect. *Kent* v. *Dunham*, 106 Mass. 586. So it was held in the case just cited that evidence to justify or excuse the executor in not paying the legacies at an earlier date was immaterial. A fundamental question in cases like the present is whether the income to which the beneficiary is entitled from the death of the testator is to be treated strictly as income, or is to be brought within the law which allows interest as an incident to the failure to pay a debt which is due. There is much in favor of the proposition that it is income actually received, or that would have been received if the money had been invested in the usual way. The statute implies this. R. L. c. 141, § 24. So do some of the decisions. *Lovering* v. *Minot*, 9 Cush. 151. *Pollock* v. *Learned*, 102 Mass. 49. *Ayer* v. *Ayer*, 128 Mass. 575. In *Edwards* v. *Edwards*, 183 Mass. 581, where the creation of a fund to include the whole residuum of the estate was necessarily postponed for a considerable time to enable the executors to convert the property into income-producing securities, it was held that for the purpose of apportionment of the fund between the life tenant and the remaindermen, the proportions should be ascertained upon the basis of the income that actually would have been obtained from the fund if it had been properly invested immediately after the death of the testator, rather than upon the basis of interest upon the fund at six per cent, before the property was converted. We are of opinion that it is better to hold in refer-

ence to such funds, that the income to which the legatee is entitled from the death of the testator, is the income actually obtainable, and not interest at an arbitrary statutory rate. Of course, if the principal of the legacy is payable to a trustee, it is due at the end of a year from the death of the testator, if there is nothing in the will providing otherwise, and interest at the legal rate goes with it, as an incident, from that time. So on pecuniary legacies to a wife or minor child for whom no other means of support is provided, interest at the legal rate runs from the death of the testator. *Pollard* v. *Pollard*, 1 Allen, 490. *Welch* v. *Adams*, 152 Mass. 74, 78. But in a case of this kind the principal of the legacy cannot be paid at the death of the testator, and ordinarily a considerable time must elapse before an executor can be appointed and assets can be collected from which to make payment. During this time, until the principal becomes payable, the beneficiary is entitled to the income merely, which means the amount that the fund earns if it is properly invested; and if not, the amount that it would have earned if so invested. In *Bartlett, petitioner*, 163 Mass. 509, 521, the legatee was allowed income at the rate of six per cent per annum; but the question whether he should receive that or the income which might have been actually earned, was not discussed nor particularly considered, either by counsel or by the court. If it had been, we are of opinion that the result would have been different. *Loring* v. *Massachusetts Horticultural Society*, 171 Mass. 401, 404, although somewhat analogous, did not involve the precise question which we are now considering.

In the present case it does not appear that the assets from which the trustee will be paid were invested as income-producing funds, so that the actual income of either fund can be ascertained. We are therefore of opinion that the income which was received by the executor while he was administering the property, should be treated as a part of the general assets for division. The case will then stand for a hearing upon the question what income the trust funds would have produced during the year immediately following the death of the testatrix, if they had been invested by a trustee, and when that is determined, the proportions in which the whole balance should be divided will be ascertained upon the principles stated above. If income would have been

earned at the rate of four per cent per annum, then the fractional shares of each will be those hereinbefore stated ; if at a different rate, they will be varied accordingly.

*So ordered.*