TAYLOR SECURITIES, INC., PETITIONER. *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89499. Promulgated October 17, 1939.

*Randolph E. Paul, Esq.*, and *Charles McInnis, Esq.*, for the petitioner.

*H. D. Thomas, Esq.*, for the respondent.

700

OPINION.

HILL: Every corporation subject to income taxation is required to make a return, stating specifically the items of its gross income and deductions and credits allowable. The returns of a corporation having no principal office or principal place of business in the United States are required to be filed with the collector at Baltimore, Maryland, and in the case of a foreign corporation which has no office or place of business in the United States and files its returns on the calendar year basis, the returns are to be filed on or before June 15 following the close of the calendar year. In case of failure to file the return within the time prescribed by law or by the Commissioner, which is not due to reasonable cause, an addition of 25 percent of the amount of the tax is imposed. Secs. 52, 53, 235, and 291, Revenue Acts of 1928, 1932, and 1934. Where a return is not made within the time prescribed by law or by regulation, the Commissioner is authorized to make such return from such knowledge as he has or from such information as he can obtain, and the return so made is prima facie good and sufficient for all legal purposes. Sec. 3176 of the Revised Statutes as amended. "Gross income" includes gains, profits, and income derived from sales or dealings in property,

interest, and dividends. Allowable as deductions from gross income in computing the net income of a corporation are ordinary and necessary expenses paid or incurred in carrying on business or trade, interest paid or accrued during the taxable year except on indebtedness incurred to purchase or carry obligations the interest upon which is wholly exempt from the income tax, losses sustained during the taxable year and not compensated for by insurance or otherwise (subject to such limitations as are otherwise prescribed), and dividends received from domestic corporations. In the case of foreign corporations gross income includes only the gross income from sources within the United States and the deductions are allowable only as and to the extent that they are connected with income from sources within the United States. Secs. 22, 23, 232, and 233, Revenue Acts of 1928, 1932, and 1934.

Respecting the allowance of deductions and credits in the case of foreign corporations, section 233 of the Revenue Acts of 1928, 1932, and 1934 provides:

A foreign corporation shall receive the benefits of the deductions and credits allowed to it in this title only by filing or causing to be filed with the collector a true and accurate return of its total income received from all sources in the United States, in the manner prescribed in this title; including therein all the information which the Commissioner may deem necessary for the calculation of such deductions and credits.

The petitioner not having filed a return for any of the years 1930 through 1935, the respondent on March 23, 1937, consistent with the provisions of section 233 of the applicable acts, determined the deficiencies in controversy on the basis of the returns made by him. At that time the petitioner's returns for those years were from approximately one to six years delinquent. The petitioner on June 16, 1937, filed with the Board its petition from the respondent's determination. Thereafter in due course the respondent filed his answer. On December 13, 1938, and under the circumstances set out in our findings of fact the returns mentioned therein were filed by the petitioner.

The petitioner concedes that under the provisions of section 233, *supra*, no deductions or credits are allowable to a foreign corporation which does not file a return showing total income from all sources in the United States. However, it contends that as soon as such a return is filed, even though after its due date, the foreign corporation is entitled to the deductions and credits ordinarily allowed and urges that the returns filed by it for the respective years in controversy constitute a sufficient compliance with the provisions of said section to entitle it to such deductions and credits as it would have been entitled to if its returns had been timely filed, citing our decisions in *Anglo-American Direct Tea Trading Co., Ltd.*, 38

B. T. A. 711, and *Mills, Spence & Co., Ltd.* (not published), which followed our decision in the *Anglo-American Co.* case. The respondent makes no contention that the returns filed by petitioner were so deficient in the information contained therein as to bring them within our decision in *Gladstone Co., Ltd.*, 35 B. T. A. 764, where it was held that the return in controversy failed to include "all the information which the Commissioner may deem necessary for the calculation of such deductions and credits" as required by section 233 of the Revenue Act of 1928. However, he does contend that such returns are ineffective to bring the petitioner within the ambit of the Board's decisions relied on by it or to entitle it to the deductions and credits ordinarily allowed corporations.

Neither at the time the petition was filed in this proceeding nor at the time the answer was filed had any returns been filed by the petitioner. In neither the petition nor in the answer was any question presented as to the effect of the belated filing of returns on the allowance to the petitioner of the credits and deductions ordinarily allowable. On the contrary, in the statement of facts in the petition relied on by the petitioner in support of its assignments of error the petitioner specifically alleged that no returns had been filed by it for the years in controversy (which was admitted by respondent in his answer) for the reason that its officers and directors were unaware that it was required to file returns or to pay any tax for the respective years and further that they had been informed that the petitioner was not liable for a return or for any tax for said years (which was denied by the respondent in his answer). At no stage in the proceeding were the pleadings of either party amended to present any question respecting the effect on the respondent's determination of the returns filed in December 1938. Under such circumstances the controversy between the parties respecting the effect of the filing of the returns does not represent an issue presented by the pleadings. However, assuming that the pleadings had been amended to present such an issue, we think it would have to be decided adversely to the petitioner.

In the *Anglo-American Co.* case, it was held that the phrase in section 233 of the Revenue Acts of 1928 and 1932, "in the manner prescribed in this title", did not mean within the time prescribed in the titles of the respective acts and that the allowance of the credits and deductions otherwise allowable by such acts was not dependent under section 233 on the filing of returns within the time prescribed by said acts. Although in that case a revenue agent prepared certain returns for the taxpayer, they apparently were never submitted to or accepted by the Commissioner, since returns filed by the taxpayer with the collector three days later were the subject of an audit by the

Commissioner and formed the basis of his determination of deficiencies. Under the circumstances thus presented we held that dividends received by the taxpayer from domestic corporations, reported in income and taken as deductions in the taxpayer's returns, were allowable deductions in determining taxable net income. No such factual situation as existed in that case is presented here, nor did we there decide the question raised on argument here.

Here the question is whether the petitioner, by filing returns after the respondent made his determination of deficiencies under the circumstances presented, relieved itself of the adverse condition in which it was situated by reason of section 233 and is entitled to the benefits to which it would otherwise have been entitled by the timely filing of returns. In our opinion it may not.

While taxpayers may contest before the Board the correctness of the respondent's determination of deficiencies predicated on returns prepared by him under section 3176 of the Revised Statutes, *Fred Taylor*, 36 B. T. A. 427; *Joe Goldberg*, 14 B. T. A. 465; *Mrs. Carmen V. Green*, 11 B. T. A. 184, any redetermination of such deficiencies must be made on the basis of evidence adduced as to facts existing at or prior to the time of the respondent's determination and the law applicable thereto. The petitioner cites no provision of law or decision, nor are we aware of any, which authorizes a taxpayer, subsequent to the respondent's determination, to enter upon a course of conduct which will materialize into the happening of a fact or set of facts that will operate in and of themselves to nullify the respondent's determination. Such an authorization would reduce the administration of the tax laws to mere idle activity. In view of the foregoing we are unable to conclude that in enacting section 233, *supra*, it was the intention of Congress that delinquent returns filed by a foreign corporation after the respondent's determination should constitute the returns required as a prerequisite to the allowance of the credits and deductions ordinarily allowable to the corporations. Aside from the provisions of section 233, *supra*, the allowance of deductions and credits is not a matter of right, but of legislative grace and statutory grant, and the taxpayer must bring himself strictly within the provisions of the statute to be entitled to them. *Gladstone Co., Ltd., supra*. By section 233 the allowance to foreign corporations of the credits and deductions ordinarily allowable is specifically predicated upon such corporations filing returns. In view of such a specific prerequisite it is inconceivable that Congress contemplated by that section that taxpayers could wait indefinitely to file returns and eventually when the respondent determined deficiencies against them they could then by filing returns obtain all the benefits to which they would have been entitled if their returns had been timely filed. Such a construction would put a premium on evasion, since a

taxpayer would have nothing to lose by not filing a return as required by statute.

Being unable to find that the petitioner has brought itself within the provisions of section 233 of the applicable acts, we conclude that it is not entitled to the deductions and credits that it would otherwise have been entitled to. Accordingly, we sustain the action of the respondent (1) in not allowing a deduction for any of the years in controversy for business expenses, (2) in not offsetting losses sustained on sales of securities in the United States against gains on similar transactions in determining the amount of the petitioner's taxable income from such transactions for the years in controversy, and (3) in not allowing as a deduction for the respective taxable years dividends received by the petitioner from corporations organized in the United States. The deductions sought for business expenses are subject to the further infirmity that no evidence has been submitted to show that they are allowable.

At the hearing the respondent filed an amended answer, in which he admitted that in determining the gain from those sales of securities which resulted in gains he erroneously determined the amounts for 1934 and 1935 at $4,425.38 and $16,165, respectively, whereas the correct amounts were $3,136.42 and $10,132.51, respectively. Also, in his amended answer he alleged with respect to the gains from such sales that the correct amounts were, for 1930, $10,732.86; 1931, $117.65; 1932, $515.02; and 1933, $8,396.61; instead of the amounts determined by him, and that the correct amount of dividends received by the petitioner in 1934 was $2,885 instead of $2,610 used in making his determination, and moved for an increase in the deficiencies for the respective years. Since the evidence sustains the respondent's allegations, the motion is granted. In a recomputation of the deficiencies the correct amounts of such gains and dividends will be included in taxable income instead of those determined by the respondent and the deficiencies will be increased or reduced accordingly.

Although in its petition the petitioner assigns as error the respondent's determination that it was liable for excess profits tax for 1933 through 1935 and for surtax for 1934 and 1935, no evidence was submitted on these matters nor is any argument made on brief with respect to them. We therefore conclude that the petitioner has abandoned them and accordingly sustain the respondent's action.

Where a taxpayer fails to file a return the imposition of the 25 percent penalty is mandatory. *Fidelity & Columbia Trust Co.* v. *Commissioner*, 90 Fed. (2d) 219; certiorari denied, 302 U. S. 723; *John Ernest Goldring*, 36 B. T. A. 779. "It does not matter why he failed to file a return." *Harry D. Kremer*, 31 B. T. A. 566. Having

concluded that the returns filed by the petitioner were insufficient to relieve it of the effect of the respondent's denial under section 233 of credits and deductions which are ordinarily allowable, we are of the opinion that the returns are insufficient to relieve it of the mandatory operation of the statutory provisions imposing a 25 percent penalty. Assuming that we are mistaken in this and that the returns are to be considered merely as delinquent returns, the position of the petitioner is not improved. It has furnished no evidence as to why the returns were delinquent, and therefore we have no basis for determining whether there was reasonable cause for the delinquency which would relieve it of the penalty. The determination of the respondent, therefore, must be sustained.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

ARUNDELL, SMITH, and BLACK dissent.

---

LEECH, concurring: I concur with the conclusion of the Board that respondent was correct in disallowing the contested deduction, solely on the ground that the validity of the purported amended delinquent returns is not raised by the pleadings.

---

DISNEY, concurring: I concur only in the result reached by the majority opinion. I think that the returns filed by the petitioner after petition was filed with the Board and after the proceeding had been set for hearing and continued, without amendment of the petition which was based upon the fact of no returns filed, should not have been considered by the Board. No attempt was made even to amend to conform to proof. The returns were admitted in evidence over objection, so such amendment if asked should not have been granted. A fair respect for the reasons which form the basis for orderly pleading forbids that returns filed after the pleadings are settled should be regarded as evidence. *Anglo-American Direct Tea Trading Co., Ltd.*, 38 B. T. A. 711, did not present the present question, for there the returns were filed prior to deficiency determined and shortly after filing of returns by the Commissioner. I think the filing of a return "in the manner prescribed in this title" under section 233 of the Revenue Acts herein applicable must be considered in connection with those provisions of the same acts providing for adjudication by the Board of Tax Appeals of the matters arising from the returns and deficiencies determined, and that the Board, in adherence to sound rules of evidence and trial procedure, which make for justice, should not consider returns filed during the pendency of proceedings filed before it in accordance with statute.