THEODORE R. PLUNKETT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 94017. Promulgated March 29, 1940.

*Bennett Sanderson, Esq.*, for the petitioner.
*Charles P. Reilly, Esq.*, and *Davis Haskin, Esq.*, for the respondent

702

## OPINION.

SMITH: The principal issue in this case is whether the petitioner is liable to income tax for 1934 in respect of the $70,000 which the Probate Court ordered the trustee on October 9, 1934, to pay to him "forthwith." The petitioner contends that this amount was a payment of principal and not of distributable income; that he received this amount by virtue of his rights under the will of his father as construed by the Probate Court, and that the amount was property acquired by bequests, devise, or inheritance and as such is not liable to income tax in his hands.

Section 161 (a) of the Revenue Act of 1934 provides in part:

(a) APPLICATION OF TAX.—The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, * * *

Section 162 provides in part:

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

*      *      *      *      *      *      *

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or

trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, * * * but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. * . * *

All of the income of a trust is taxable either to the trust or to the beneficiary. *Freuler* v. *Helvering*, 291 U. S. 35. The beneficiary of the income of a testamentary trust is taxable upon the income of the trust. It is not exempt from income tax as a bequest or inheritance. *Irwin* v. *Gavit*, 268 U. S. 161. The question for decision is whether the $70,000 which the Probate Court ordered the trustee in 1934 to pay "forthwith" to the petitioner constituted income "which is to be distributed currently by the fiduciary." The respondent argues that it is.

The rule of law in Massachusetts, as in many other states, is that the proceeds from the sale of securities owned by a trust forms a part of the principal of the trust and that the gain on such sale is not distributable to the income beneficiary. *Chase* v. *Union National Bank of Lowell*, 275 Mass. 503; 176 N. E. 508; *Old Colony Trust Co.* v. *Comstock*, 290 Mass. 377, 384; 195 N. E. 389.

Under the law in force in Massachusetts, as interpreted by its courts, a court having jurisdiction of a testamentary trust is permitted to allocate a certain part of trust corpus to the income beneficiary, if, in the court's opinion, that is necessary to accomplish the intent of the testator. In the early case of *Parsons* v. *Winslow*, 16 Mass. 361, a trustee held an investment which had defaulted so that the total recovery was less than the amount of principal invested. The court stated that it would be unjust and contrary to the manifest intent of the testator if the tenant for life, on the one hand, should continue to receive the whole amount of the interest on the original fund after the principal had been reduced, or if, on the other hand, the income should be applied to replace the principal. To remedy such an injustice the court applied the doctrine of apportionment.

In *Kinmouth* v. *Brigham*, 5 Allen, 270, a Massachusetts case, the trustee had invested in a partnership enterprise and in a short time had received over $100,000 profits from a $50,000 investment. Although the will directed the payment of income to a life beneficiary, the court determined that the testator never intended the life beneficiary to receive such a return. In order to accomplish the substantial intent of the testator, as found by the court, the apportionment formula was applied limiting the income to the amount which at the normal rate of return would have yielded the fund held by the trustee. The court in its opinion stated:

* * * upon a just construction of the will, equity will require that the profits * * * should not be regarded or treated exclusively as income, but

that they be treated when received from time to time, as property belonging to the estate, a part of which is to be invested as capital and a part distributed as income.

There are numerous other Massachusetts cases in which the court speaks of "principal treated as if it were income" or "income treated as if it were principal." See *Sargent* v. *Sargent*, 103 Mass. 297; *Edwards* v. *Edwards*, 183 Mass. 581; 67 N. E. 658; *Loring* v. *Thompson*, 184 Mass. 103; 68 N. E. 45.

The purport of the above cited Massachusetts cases is that, although ordinarily income of a trust realized from the sale or other disposition of securities owned by a trust belongs to the remaindermen and not to the life beneficiary, the court having jurisdiction of the trust may determine what part, if any, of the profit belongs to the life beneficiary. In the proceeding at bar the petitioner was entitled to receive only the income of the testamentary trust. But the Probate Court for Berkshire County held that $70,000 of the $500,000 received by the trustee from the Old Colony Trust Co. of Boston, the former trustee, should be paid to the life beneficiary. By its decree of October 9, 1934, it ordered the payment of that amount to the petitioner "forthwith." There is no question in this proceeding but that the Probate Court had authority to enter such decree. The effect of the decree was to make the $70,000 distributable income of the trust for 1934.

The petitioner argues that the $70,000 received by him from the trust in 1934 and 1935 constituted a bequest under the interpretation of his father's will by the Probate Court and that the amount is exempt from income tax under section 22 (c) of the Revenue Act of 1934, which exempts from income tax "the value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income)." In support of this contention the petitioner cites *Burnet* v. *Whitehouse*, 283 U. S. 148; *Burdick* v. *Commissioner*, 76 Fed. (2d) 672; and *Lyeth* v. *Hoey*, 305 U. S. 188. We are of the opinion that the legal principles established by the above cited cases have no application to this case. The petitioner is the life beneficiary of a testamentary trust created by the terms of his father's will. By the decree of the Probate Court $70,000 of the $500,000 received by the trust from the Old Colony Trust Co. was made distributable income of the trust. That income is taxable income of the petitioner. *Irwin* v. *Gavit*, *supra*.

The petitioner also argues that the entire gain, if any, received by the trust from the receipt of the $500,000 was taxable income of the trust and that what the petitioner received was income which should have been tax paid by the trust, citing *Helvering* v. *Falk*, 291 U. S. 183; *Spreckels* v. *Commissioner*, 101 Fed. (2d) 721; *Weigel* v. *Commis-*

*sioner*, 96 Fed. (2d) 387; and *Anna M. Chambers et al., Trustees,* 33 B. T. A. 1125. The above cited cases are not in point, however, if, as we hold, the $70,000 was made "distributable income" of the trust by virtue of the Probate Court's decree entered October 9, 1934.

The petitioner further argues that, since he received only $66,000 from the trust in 1934, and since he made his income tax return upon the cash receipts and disbursements basis, he can not be held to be liable to income tax upon more than $66,000 of the $70,000 covered by the court's decree. If, however, as we hold, the $70,000 constituted "distributable income" of the trust in 1934, it is immaterial whether the petitioner received the entire amount in 1934 or not.

We think that the respondent did not err in including the entire $70,000 in petitioner's taxable income for 1934.

The petitioner claims that he is entitled to a deduction from gross income of 1934 of $25 paid to the American Red Cross. He testified, however, that this was the amount of the contribution that he had made in a number of years and he could not swear positively that the contribution was made in 1934. For lack of proof the deduction is disallowed.

The petitioner has, however, proved that he is entitled to the deduction of $61.61 automobile excise taxes paid to the town of Adams and $60 paid as gasoline taxes representing the tax imposed by Massachusetts, I. T. 2512, VIII–2 C. B. 112. The petitioner is not entitled to deduct the gasoline tax collected for the United States, Mim. 3888, XI–2 C. B. 25.

The petitioner also claims the right to deduct $7,636.66 interest paid to his father-in-law, A. B. Daniels, in October 1934. The evidence shows that the petitioner owed this interest. It was included in a total indebtedness of the petitioner to Daniels in the amount of $72,957.64. The petitioner made only a partial payment of the account in 1934, namely, $68,485.57, leaving a balance owing of $7,472.07. Nothing was said by either debtor or creditor as to how the partial payment should be credited. The respondent contends that the partial payment should be credited, first, against the principal, and then against the interest. Upon this basis the respondent contends that the petitioner is entitled to a deduction for interest of only $164.59. The law is plain, however, that where a partial payment is made on an interest-bearing debt the payment is to be credited first to the interest and then to the principal. 33 Corpus Juris 168. This is clearly the law in Massachusetts. See *Dean* v. *William*, 17 Mass. 417; *Fay* v. *Bradley*, 1 Pick. 194; *Downer* v. *Whittier*, 144 Mass. 448; 11 N. E. 585. We hold that the petitioner is entitled to deduct from his gross income of 1934 interest in the amount of $7,636.66.

The final question for consideration is whether the petitioner is liable to the 25 percent delinquency penalty imposed by section 291 of the Revenue Act of 1934 for delinquency in filing his income tax return for 1934. That section of the statute provides in part:

In case of any failure to make and file a return required by this title, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, 25 per centum of the tax shall be added to the tax, except that when a return is filed after such time and it is shown that the failure to file it was due to reasonable cause and not due to willful neglect no such addition shall be made to the tax. * * *

Section 51 (a) provides for the filing of a return "under oath" by any person required to file an income tax return. Such return must be filed with the collector on or before the 15th day of March where the return is made on a calendar year basis.

The evidence in this case shows that the petitioner had prepared an income tax return for 1934. He testified that it has been his practice to send his income tax returns to the collector by mail; that he has usually done this on the 14th or 15th day of March of each year and that no question of delinquency has ever been raised with respect to such filing prior to the filing of the return for 1934; that his return for 1934 was mailed from Adams, Massachusetts, addressed to the collector at Boston, on Friday, March 15, 1935, accompanied with a check for the amount of the tax shown by his return to be due. He supposed that his return was signed and sworn to. Failure to sign and verify the return was inadvertant.

During the summer of 1935 the collector wrote the petitioner for an explanation as to why his return was delinquent, the same not having been received in the collector's office until Monday, March 18, 1935. Apparently nothing was said in the letter with respect to the failure of the petitioner properly to execute his return.

On March 5, 1938, the respondent sent out the deficiency notice involved in this proceeding. In such notice it was stated:

Form 1040A filed for the year 1934 was neither signed nor sworn to, the latter being required by the provisions of section 51 (a) of the Revenue Act of 1934. Inasmuch as you failed to file an acceptable income tax return within the time prescribed by law, 25 per centum of the tax for the year 1934 has been added thereto in accordance with the provisions of section 291 of the Revenue Act of 1934.

The petition in Docket No. 94017 was filed with this Board on June 1, 1938. On July 15, 1938, the respondent filed an answer and the case was then at issue. Thereafter, on October 10, 1938, the petitioner, at the suggestion of his counsel, filed a properly executed income tax return for 1934. It has been many times held by this Board and the courts that, where a taxpayer fails to file an

income tax return as required by law, the imposition of the 25 per cent penalty is mandatory. *John B. Nordholt*, 4 B. T. A. 509; *John T. Sline*, 9 B. T. A. 1222; *E. M. Green*, 11 B. T. A. 185; *Scranton, Lackawanna Trust Co., Trustee*, 29 B. T. A. 698; affd., 80 Fed. (2d) 519; *Harry D. Kremer*, 31 B. T. A. 566; *John Ernest Goldring*, 36 B. T. A. 779; *Taylor Securities, Inc.*, 40 B. T. A. 696; *Fidelity & Columbia Trust Co.* v. *Commissioner*, 90 Fed. (2d) 219; certiorari denied, 302 U. S. 723.

In *Lucas* v. *Pilliod Lumber Co.*, 281 U. S. 245, the Supreme Court held that a corporation income tax return which was not verified by its proper officers was not a return required by statute and not such a return as would set in operation the time for the running of the statute of limitations. The purported income tax return of the petitioner for 1934 mailed by the petitioner from Adams, Massachusetts, on March 15, 1935, was not a return required by the statute. It was no return at all. The first return which was filed was filed on October 10, 1938. That return was filed after all pleadings in this case had been filed and issue joined. It was filed too late to avoid the attachment of the penalty. *Taylor Securities, Inc., supra.*

The action of the respondent in adding to the tax the 25 percent penalty for delinquency is approved.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

Disney concurs only in the result.

---

Mellott, concurring and dissenting: I concur in the holding to the effect that the $70,000 constituted taxable income to the petitioner but am of the opinion that the 25 percent delinquency penalty should not be imposed. The document filed by petitioner with the collector on March 18, 1935, was treated as a return, though not signed by him. It was audited by the department, and the collector "requested a statement from the petitioner as to why his return was delinquent." The check, which petitioner enclosed, was cashed and the amount thereof, together with interest, was refunded to petitioner about a year later because he had included in his gross income his salary as state senator, which was not then taxable. Apparently no question was ever raised because the return was unverified until several years later, when the present deficiency was determined. Shortly thereafter petitioner "filed a properly verified income tax return for 1934." The penalty, in the language of the statute, is not to be imposed "when a return is filed after * * * [the time prescribed by law] and it is shown that the failure to file it was due to reasonable cause

and not due to willful neglect  *  *  *." Being of the opinion that petitioner's late filing was not due to willful neglect, I respectfully note my dissent to the imposition of the penalty.

MURDOCK and HARRON agree with the above.

---

HARRON, concurring: While it is unnecessary in this case to decide a related question, namely, whether the trust realized any gain from the receipt of $500,000 from the first trustee, I believe it should be concluded from the facts, in determining the main question which is involved in this case, that the $500,000 represented a recovery from the trustee for a breach of trust. There is in evidence, as petitioner's Exhibit 5, a copy of the decree (entitled "Summary") of the judge of the Probate Court of Massachusetts which heard the complaint regarding the first trustee's accounts. This "Summary" shows that questions were raised by the complainants as to the propriety of the trustee's actions. It was alleged that the trustee improperly retained in the trust the investment in stock in Greylock Mills and Berkshire Manufacturing Co. As to this, the court found that the retention was proper. But the court found that it was not proper for the trustee to vote the shares of stock in Berkshire and Greylock in the exchange of those stocks for stock of Berkshire Fine Spinning Associates, Inc., and that the investment by the trustee in stock of Berkshire Fine Spinning Associates, Inc., was not a proper investment by the trustee, under the terms of the testamentary trust. The court found that in the entire matter the trustee failed to exercise the required "care and consideration of a fiduciary under like circumstances." The court was asked to surcharge the trustee for its failure to sell the Greylock and Berkshire stock sometime prior to the merger of those companies with Berkshire Fine Spinning Associates, Inc. The court found that the trustee must be charged with the inventory value of the Berkshire and Greylock stocks. The above indicates clearly that the Massachusetts court found that the trustee committed a breach of trust and surcharged the trustee $500,000. From the above, it would seem to follow that there was no "sale or exchange" of securities in the trust for $500,000 as that term is used for income tax purposes, and that the question in this case does not involve any realization of gain by the trust.

The $500,000 represents a recovery from the trustee for a breach of trust. It is a rule that property recovered from a trustee, under such circumstances, should be apportioned between trust income and trust capital so as to put the income beneficiary and the corpus beneficiary in as nearly the position as each would have been in if there

had not been a breach of trust. That is what the court ordered in the *Parsons* v. *Winslow* case. See Bogert, Trusts and Trustees, vol. 4, p. 2385, and comment on the *Parsons* case at p. 2384. In this case the local court, somewhat belatedly, ordered distribution of the sum recovered to trust income and trust principal. It could have done this in its first decree surcharging the trustee. Nevertheless, by court order, $70,000 was income, and $430,000 was principal. Petitioner could not at any time receive any distribution of trust principal. His rights were limited to receipt of trust income. The $70,000 was income distributable to petitioner in 1934, and it is taxable to petitioner under section 162 (b).