Jacob A. Doll and Esther Doll v. Commissioner.
Doll v. Commissioner
Docket No. 5685-63.
United States Tax Court
T.C. Memo 1965-191; 1965 Tax Ct. Memo LEXIS 139; 24 T.C.M. (CCH) 995; T.C.M. (RIA) 65191; July 14, 1965
*139 Held: The filing of an unsigned Form 1040 for the taxable year 1954 was not the filing of a "return" within the meaning of the statute and regulations and did not start the running of the statutory period of limitations. Arthur Markowitz and Robert H. Griffith, for the petitioners. Dennis DeBerry, for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined a deficiency in the income tax of the petitioners for the calendar year 1954 in the amount of $4,083.80. The only issue presented for determination is whether the assessment and collection *140 of the deficiency are barred by limitations. Some facts are stipulated. Findings of Fact The stipulations of fact and exhibits attached thereto are incorporated herein by this reference. The petitioners are husband and wife. They reside in York, Pennsylvania. In 1942 Jacob A. Doll acquired five Series F United States Savings Bonds in the face amount of $27,000 at a cost of $19,980. These bonds matured in 1954. Interest of $7,020 accumulated on such bonds. At maturity these bonds had a value of $27,000. Jacob A. Doll submitted such bonds to the Federal Reserve Bank of Philadelphia on January 12, 1960, and on application therefor received in return Series E United States Savings Bonds dated that date in his name at a cost of $27,000 and having face values aggregating $36,000. The limitation of $10,000 for Series E Bonds issued to any one person in a calendar year was by regulation inapplicable to this transaction and the Series E Bonds were stamped to signify that such limit did not apply to them. Prior to 1954 the petitioners' income tax returns had been prepared for them by a certified public accountant. In January 1955 this accountant prepared for them an income tax *141 return on Form 1040 for the calendar year 1954 and a declaration of estimated tax for 1955 and delivered such documents to them. The accountant signed the proposed return on page 4 as preparer on January 29, 1955. The names of Jacob A. and Esther Doll were shown thereon in typewriting. Adjusted gross income of $62,070.28, a tax liability of $24,530.92, payments and credits of $25,701.32, and an overpayment of $1,170.40, to be applied against the declaration of estimated tax for 1955 were also shown thereon. The accrued interest of $7,020 on the Series F Bonds was not reported thereon. This purported return for 1954 was not signed by either of the petitioners. It was received in the office of the director of internal revenue, Philadelphia, Pennsylvania, on March 14, 1955. The petitioners received interest income in 1954 on the Series F Bonds which matured in that year, which income was taxable in that year. The petitioners did not file an individual income tax return for 1954. Opinion The respondent determined a deficiency in the petitioners' income tax for 1954 by notice dated September 27, 1963. Petitioners contend that the statute of limitations bars such a proceeding more *142 than three years after their return for 1954 was filed. [1] A Form 1040 bearing the typewritten names of the petitioners was received in the office of the district director within the time provided for the filing of individual income tax returns for the taxable year 1954, but no signature of either of the petitioners was upon it. If this was a "return" within the requirements of the statute, the statute of limitations is applicable. But if this was not a "return," the respondent is not barred from proceeding to assess and collect the deficiency. [2]
*143 The statutes require that an individual return shall be signed by the taxpayer [3] and shall contain or be verified by a written declaration that it is made under the penalties of perjury. It has been held many times that an unsigned return is not a "return" for the purpose of starting the running of the statutory period of limitations. Jesse Ullman Reaves, 31 T.C. 690, 713 (1958), affd. 295 F. 2d 336 (C.A. 5, 1961); Roy Dixon, 28 T.C. 338 (1957); Theodore R. Plunkett, 41 B.T.A. 700 (1940), affd. 118 F. 2d 644 (C.A. 1, 1941); Lucas v. Pilliod Lumber Co., 281 U.S. 245 (1930). *144 The petitioners cite Miller v. Commissioner, 237 F. 2d 830 (C.A. 5, 1956), reversing a Tax Court Memorandum Opinion, and Clyde M. Booher, 28 T.C. 817 (1957). In each of these cases the return was signed in the taxpayer's name by his wife and at his request. These cases do not help the petitioners herein where neither of them has signed the return. The petitioners' complaint that the district director could have informed them of the failure to sign and could have requested their signatures in 1955 is also of no avail to them. They point to no statute or other authority placing such a burden on respondent's agents. In the Pilliod Lumber Co. case, supra, the taxpayer therein contended that the defect (failure to sign and verify the return form) was cured or became immaterial since the tax officers had accepted and held it for several years. The Supreme Court held that no tax officer had power to substitute something else for the thing specified. We hold that petitioners did not file a return for 1954 and the statute of limitations does not bar the respondent from the assessment and collection of the deficiency herein. Decision will be entered for the *145 respondent. Footnotes
1. SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION. (a) General Rule. - Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) * * * and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. ↩
2. SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION. * * *
(c) Exceptions. - * * *
(3) No Return. - In the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.↩
3. SEC. 6061. SIGNING OF RETURNS AND OTHER DOCUMENTS. Except as otherwise provided by sections 6062 and 6063, any return, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall be signed in accordance with forms or regulations prescribed by the Secretary or his delegate.↩