WELDON A. BLANCHARD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Blanchard v. Commissioner
Docket No. 9992-76.
United States Tax Court
T.C. Memo 1977-352; 1977 Tax Ct. Memo LEXIS 89; 36 T.C.M. (CCH) 1407; T.C.M. (RIA) 770352; October 3, 1977. Weldon A. Blanchard, pro se. Douglas R. Fortney, for the respondent. HALL MEMORANDUM OPINION HALL, Judge: Respondent filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, pursuant to Rule 40, Tax Court Rules of Practice and Procedure, in this case which involves a deficiency of $3,297.84 in petitioner's 1974 income tax, plus additions to the tax under *90 sections 6651(a), 6653(a), and 6654 [1] of $705.30, $164.89 and $86.17, respectively. The motion presents the issue whether petitioner sufficiently alleged any error in the determinations made by respondent in his statutory notice. Petitioner was a resident of Texas at the time his petition was filed. Petitioner filed a "tax protester" return for 1974 in which he refused, on grounds of self-incrimination, to provide the Internal Revenue Service with information from which his income and deductions could be calculated. Petitioner also did not sign this purported return "under penalty of perjury." Respondent, accordingly, calculated petitioner's taxable income and determined the above-listed deficiency and additions to the tax for failure to file a tax return, negligence or intentional disregard of the rules, and failure to pay estimated tax. In his petition dated November 5, 1976, petitioner asserted (1) that he had filed a lawful United States Individual Income Tax Return and (2) various constitutional objections to the filing of Federal income tax returns and the payment of Federal *91 income tax. On December 27, 1976, respondent moved to dismiss this petition for failure to state a claim upon which relief can be granted. The Court, by order dated January 11, 1977, ordered petitioner to submit an amended petition, which petitioner submitted on May 2, 1977. Petitioner attached several documents to his amended petition, including a Form 1040 ("amended Form 1040") for the year 1974, signed under penalty of perjury but in which petitioner refused, on Fifth Amendment grounds, to supply any information whatsoever. The Court lodged this petition on May 3, 1977. On May 7, 1977, petitioner moved for a stay in these proceedings on the basis of a suit filed in Federal District Court for the Northern District of Texas, Dallas Division, for determination of a redress of grievances. This motion was denied. Respondent's motion to dismiss for failure to state a claim was then renewed at a hearing in Dallas on May 17, 1977, and for the following reasons respondent's motion is granted. Petitioner's primary contention is that he filed a lawful return for 1974 and, therefore, a motion to dismiss for failure to state a claim is improper. However, the Form 1040 filed by petitioner *92 was not a lawful return. To be valid, a return must be signed "under penalty of perjury." Vaira v. Commissioner,52 T.C. 986, 1005 (1969), revd. on other grounds, 444 F. 2d 770 (3d Cir. 1971). See also Lucas v. Pilliod Lumber Company,281 U.S. 245, 248-249 (1930); Plunkett v. Commissioner,41 B.T.A. 700, 710-711 (1940), affd. 118 F. 2d 644 (1st Cir. 1941). Since petitioner failed to sign his return "under penalty of perjury," he never filed a lawful return. Accordingly, petitioner's assertion in his petition that he filed a lawful return is baseless. Petitioner's amended petition did not cure this defect, and for this reason was never filed by this Court. Petitioner asserts in his amended petition that the amended Form 1040 accompanying that petition was a lawful return, but this argument is without merit for two reasons. First, petitioner filed his amended Form 1040 with this Court instead of the Internal Revenue Service; returns must be filed with either the service center or the district director for the internal revenue district in which is located the legal residence of the taxpayer. Sec. 6091; *93 sec. 1.6091-2 (a), (c), Income Tax Regs. Second, since petitioner refused to answer any questions concerning his income, deductions or tax liability on the amended Form 1040, the document does not constitute a lawful return. Cupp v. Commissioner,65 T.C. 68, 80 (1975), affd.     F. 2d     (3d Cir. 1977). Petitioner also asserts various constitutional objections to the filing of Federal income tax returns and the payment of Federal income taxes. These arguments are frivolous. These issues have been fully discussed in numerous prior opinions of this and other courts. United States v. Daly,481 F. 2d 28, 29-30 (8th Cir. 1973), cert. denied 414 U.S. 1064 (1973); Autenrieth v. Cullen,418 F. 2d 586, 588-589 (9th Cir. 1969), cert. denied 397 U.S. 1036 (1970); Hatfield v. Commissioner, 68 T.C. (September 12, 1977); Cupp v. Commissioner,65 T.C. 68, 77-81 (1975), affd.     F. 2d     (3d Cir. 1977); Riverfront Groves, Inc. v. Commissioner,60 T.C. 435, 440 (1973); Muste v. Commissioner,35 T.C. 913, 918-920 (1961). Petitioner must pay his *94 taxes, and no amount of disagreement with Government policy or action will exempt him. Accordingly, since petitioner raises neither a valid legal objection to respondent's determination of a deficiency and additions to tax nor a factual question, respondent's motion is granted. An appropriate order will be entered. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in 1974.↩