LONNIE RAY AKERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Akers v. Commissioner
Docket No. 12556-77.
United States Tax Court
T.C. Memo 1980-233; 1980 Tax Ct. Memo LEXIS 353; 40 T.C.M. (CCH) 574; T.C.M. (RIA) 80233; July 3, 1980, Filed Lonnie Ray Akers, pro se. Nancy B. Herbert, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency of $4,377.12 in petitioner's Federal income tax for the year 1975 and an addition to tax under section 6651(a) [1] in the amount of $572.53. Several adjustments reflected in the notice of deficiency have been resolved by agreement of the parties and can be given effect in the Rule 155 computation. The three issues remaining for decision are: 1. Whether the petitioner is liable under the provisions of section 1402 for self-employment *356 tax on his net earnings from commissions on real estate sales. 2. Whether respondent erred in determining that petitioner's depreciation deduction on rental property located at 2432 Beechmont Avenue in Cincinnati should be based upon an allocation of $5,000 of the purchase price to the value of the land and a useful life of 25 years for the building. 3. Whether the petitioner is liable for the addition to tax under section 6651(a) for failure to file a timely Federal income tax return for 1975. FINDINGS OF FACT Some facts have been stipulated and are so found. Lonnie Ray Akers (petitioner) was a legal resident of Cincinnati, Ohio, when he filed his petition in this case. During the taxable year 1975 the petitioner received wages of $14,929.32 as a teacher from the Forest Hills Board of Education. A portion of his wages was paid into the Ohio State Teachers Retirement System. His wages earned from teaching were not subject to tax under the Federal Insurance Contributions Act, commonly referred to as the Social Security tax. Petitioner also worked during 1975 as an independent contractor selling real estate. His net profit from the sale of real estate in that *357 year was $13,503.93. On December 4, 1975, the petitioner purchased a duplex located at 2432 Beechmont Avenue, Cincinnati, Ohio, for $34,500. It is rental property. The building was constructed in 1940. The mortar used in the building has a tendency to crumble and the vibration created by heavily traveled Beechmont Avenue causes more rapid deterioration. For depreciation purposes the petitioner allocated $3,000 to the land and $31,500 to the building and claimed a 20-year useful life for the building. Respondent determined that $5,000 should be allocated to the value of the land and that the useful life of the building was 25 years. Petitioner did not file an individual Federal income tax return of Form 1040 with the Internal Revenue Service for the year 1975. Various unsigned miscellaneous papers and schedules relating to the year 1975 were sent on April 15, 1976, by petitioner to the Internal Revenue Service. These documents consisted of Schedule A (Itemized Deductions) on a form for the year 1974 bearing petitioner's name and social security number; an incomplete Schedule C (Profit from Business) on a 1974 form which reported a net profit of $11,023.72; attachments A, *358 B and C which were handwritten sheets on plain white paper summarizing various income and expenses, copies of two canceled checks, a W-2 (Wage and Tax Statement for 1975) from the Forest Hills Board of Education, and a Form 1099 from Harold W. Hague Company showing commissions of $18,071.65 paid to petitioner in 1975. The documents were incomplete and did not contain all the necessary information required to be on a Federal income tax return. Petitioner did not subsequently supplement this information by a return made on the prescribed income tax form. Petitioner filed delinquent Federal income tax returns for years prior to 1975. He did not make any payments on or about April 15, 1976, on Account of his tax liability for the year 1975. ULTIMATE FINDINGS OF FACT 1. Petitioner's net earnings in 1975 from his business of selling real estate is subject to self-employment tax. 2. The amount of the purchase price of the 2432 Beechmont Avenue property allocable to the value of the land is $5,000. The useful life of the building is 20 years. 3. Petitioner did not file a timely Federal income tax return for the year 1975. OPINION Issue 1. Self-Employment Tax
*359 The facts with respect to this issue are not in dispute. During 1975 the petitioner was employed as a teacher, and a certain amount of his wages was paid into the State of Ohio retirement fund. His wages as a teacher were not subject to Social Security tax. Petitioner also worked as an independent contractor selling real estate. He earned a net profit of $13,503.93 from that business in 1975. Petitioner maintains that he is not required to pay self-employment tax on the income he received from selling real estate because he received a salary from the Forest Hills Board of Education from which retirement contributions were withheld and, upon retirement, he will receive an annuity from the Ohio State Teachers Retirement System. There is no merit to this argument. Under the provisions of section 1402 the petitioner's liability for self-employment tax on the income earned from his real estate business is not affected by the salary he received as a teacher. Section 1401(a) provides that: "In addition to other taxes, there shall be imposed for each taxable year" a tax at a specified rate on "the self-employment income of every individual." Section 1402(b)(1) defines the term "self-employment *360 income" to mean "the net earnings from self-employment derived by an individual (other than a nonresident alien individual) during any taxable year" to the extent of the benefit base for the year, less any wages which were subject to the Federal Insurance Contributions Act. By section 1402(d) the definition of the term "wages" for F.I.C.A. purposes has the same meaning as that used in section 3101 and subsequent sections. Section 3121(a) defines "wages" to mean, with certain exceptions, "all remuneration for employment," and section 3121(b)(7) defines "employment" to exclude "service performed in the employ of a State, or any political subdivision thereof." A careful reading of these statutory provisions makes it clear that the petitioner's commission income from the sale of real estate is subject to self-employment tax. His receipt of employment income from teaching, which was subject to the Ohio retirement system, does not qualify his liability for the self-employment tax in any respect. [2] Accordingly, we hold that he is liable for self-employment tax of $1,031.26 for the year 1975. *361 Issue 2. Depreciation on Rental Property
Section 167(a) provides that a reasonable allowance for exhaustion, wear and tear and obsolescence of property held by a taxpayer for the production of income shall be allowed as a depreciation deduction. To compute the reasonable allowance for depreciation on the 2432 Beechmont Avenue property, it is necessary to determine how much of the $34,500 purchase price is allocable to the land because land is not a depreciable asset. We must also determine the estimated useful life of the building. We agree with the respondent that $5,000 of the purchase price of the property is attributable to the land on which the apartment duplex was located. Petitioner's contention that the land value was $3,000 is unsupported by any factual data, i.e., a real estate tax valuation or mortgage appraisal. Moreover, the building is located in a growing area, which indicates that a substantial value should be allocated to the land. We agree with the petitioner that the useful life of the building is 20 years. The estimated useful life of an asset is not necessarily the useful life inherent therein but is the period over which the asset may reasonably *362 be expected to be useful to the taxpayer in the production of his income. Here the building was already 35 years old when it was purchased by the petitioner and it had certain structural defects. As reflected in our ultimate findings, we conclude that the building had an estimated 20-year useful life. Issue 3. Section 6651(a) Addition to Tax
Petitioner's liability for the addition to tax under section 6651(a) turns initially on whether he failed to file a "return" and, if so, whether such failure was due to reasonable cause. The record shows that the Internal Revenue Service made a diligent search to find an income tax return for the petitioner for the taxable year 1975 but found that no return on the prescribed Form 1040 was filed. Although the petitioner acknowledges that he did not file a return on the prescribed form, he contends that the miscellaneous documents and papers he sent to the Internal Revenue Service should be treated as his income tax return. It is our view that such documents and papers do not constitute a return within the meaning of section 6011. That section provides: (a) General Rule.--When required by regulations prescribed by the Secretary *363 or his delegate any person made liable for any tax imposed by this title, or for the collection thereof, shall make a return or statement according to the forms and regulations prescribed by the Secretary or his delegate. Every person required to make a return or statement shall include therein the information required by such forms or regulations. Section 1.6011-1(b), Income Tax Regs., provides, in part, as follows: Each taxpayer should carefully prepare his return and set forth fully and clearly the information required to be included therein. Returns which have not been so prepared will not be accepted as meeting the requirements of the Code. In the absence of a prescribed form, a statement made by a taxpayer disclosing his gross income and the deductions therefrom may be accepted as a tentative return, and, if filed within the prescribed time, the statement so made will relieve the taxpayer from liability for the addition to tax imposed for the delinquent filing of the return, provided that without unnecessary delay such a tentative return is supplemented by a return made on the proper form. As we said in White v. Commissioner,72 T.C. 1126, 1129 (1979), *364 "The acid test for determining whether a document constitutes a valid tax return is whether it contains sufficient data from which respondent can compute and assess a tax liability." Here the information submitted by petitioner falls far short of that necessary to be shown on a return to enable respondent to compute the petitioner's tax. The papers do not clearly identify the filing status of petitioner or explain the deductions claimed. The purported Schedule C also contains incomplete and inadequate data. In short, a taxpayer cannot simply deposit a conglomeration of papers with the Internal Revenue Service and expect them to be treated as a tax return. A second reason for not treating the miscellaneous papers as petitioner's income tax return is that his signature does not appear on any of the documents. To file a valid return a taxpayer must sign and verify it under penalty of perjury. See sections 6061 and 6065; Vaira v. Commissioner,52 T.C. 986, 1005 (1969); Plunkett v. Commissioner,41 B.T.A. 700, 710-711 (1940), affd. 118 F.2d 644 (1st Cir. 1941). A third reason for rejecting the miscellaneous papers as a return is that *365 the petitioner failed to supplement such information "without unnecessary delay by a return on the proper forms," as required by section 1.6011-1(b), Income Tax Regs.
Finally, the petitioner did not establish that his failure to file a return for 1975 was due to reasonable cause. Therefore, we hold that he is liable for the addition to tax under section 6651(a). To reflect the conceded adjustments and our conclusions on the disputed issues, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. See and compare Borsody v. Commissioner, T.C. Memo. 1976-47↩, involving a Federal employee under the civil service retirement system.