**UNITED STATES of America, Plaintiff-Appellee,**

v.

**David WYNSHAW, Frances Wynshaw, Defendants,**

**Frances Wynshaw, Defendant-Appellant.**

**No. 597, Docket 82–6217.**

United States Court of Appeals, Second Circuit.

Argued Dec. 13, 1982.

Decided Jan. 6, 1983.

Warren D. Wynshaw, Stern & Wynshaw, New York City, for defendant-appellant.

Thomas D. Warren, William J. Brennan, Asst. U.S. Attys., S.D.N.Y., New York City (John S. Martin, Jr., U.S. Atty., S.D.N.Y., David M. Jones, Thomas D. Warren, Asst. U.S. Attys., New York City, of counsel), for plaintiff-appellee.

Before FRIENDLY, TIMBERS, and WINTER, Circuit Judges.

PER CURIAM:

In October 1973, a joint tax return for the year 1972, purportedly signed by David and Frances Wynshaw, was filed with the Internal Revenue Service. ("I.R.S."). That return showed a tax liability for the couple of $10,368.65;[1] however, no payment was enclosed. On January 7, 1974, the I.R.S. assessed the unpaid balance jointly against the taxpayers.

On October 14, 1976, the I.R.S. sent the Wynshaws a Notice of Deficiency for four tax years, including 1972. According to the Notice, the Wynshaws had underreported their 1972 taxable income by more than $117,000.00 and were jointly liable for another $76,727.00 in federal taxes for that year. The Service also notified the Wynshaws that they owed an additional $241,457.00 due to underreported income for the years 1969–71.

On January 3, 1977, the Wynshaws petitioned the Tax Court for a redetermination of deficiency. In the joint petition, Frances invoked the "Innocent Spouse" provision of the Internal Revenue Code, 26 U.S.C. § 6013(e) (1976),[2] claiming that she should not be liable for the tax liability demanded by the I.R.S. because she had not been aware of nor benefitted from the omissions that created the liability. That petition stated, "The Petitioner, Frances Wynshaw, was innocent of such omissions, if any, *and*

*in signing the returns for the years in question* had no reason to know of such omissions." (Emphasis added).

On August 21, 1979, the Wynshaws and the I.R.S. entered into a stipulated judgment. The Service accepted Frances Wynshaw's innocent spouse argument while David agreed to be responsible for specified deficiencies and penalties.

None of the arrears or penalties contained in the 1979 stipulation or the $9,619.64 due under the 1972 return have been paid. In order to reduce both assessments to judgment within the six year time limitation imposed by 26 U.S.C. § 6502(a)(1), the I.R.S. filed suit on January 2, 1980 to secure payment from David of the agreed upon penalties and deficiencies and to hold David and Frances jointly and severally liable for the $9,619.64 still due on the 1972 return.

Frances, now divorced from David, responded by raising the affirmative defense that the signature on the 1972 tax return was not hers and had not been authorized. Ruling on cross-motions for summary judgment, Judge Cannella held that Frances' statements in her 1977 petition to the Tax Court did not constitute a formal admission that she had signed the 1972 tax return for purposes of this litigation. Instead, he held that the Tax Court's acceptance of the 1979 stipulation was a judgment deciding the

---

1. The disparity between the $10,368.65 and the $9,619.64 currently claimed by the I.R.S. is due to certain additional deductions allowed by the Service in recomputing the 1972 return.

2. 26 U.S.C. § 6013(e) provides:
(e) Spouse relieved of liability in certain cases.—
(1) In general.—Under regulations prescribed by the Secretary if—
(A) a joint return has been made under this section for a taxable year and on such return there was omitted from gross income an amount properly includable therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return,
(B) the other spouse establishes that in signing the return he or she did not know of, and had no reason to know of, such omission, and
(C) taking into account whether or not the other spouse significantly benefited directly

or indirectly from the items omitted from gross income and taking into account all other facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such omission,
then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent that such liability is attributable to such omission from gross income.
(2) Special rules.—For purposes of paragraph (1)—
(A) the determination of the spouse to whom items of gross income (other than gross income from property) are attributable shall be made without regard to community property laws, and
(B) the amount omitted from gross income shall be determined in the manner provided by section 6501(e)(1)(A).

" 'entire gamut of possible issues that [control] the determination of the amount of tax liability for the year in question.' " 516 F.Supp. at 789 (quoting *Russell v. United States,* 592 F.2d 1069, 1072 (9th Cir.), *cert. denied,* 444 U.S. 946, 100 S.Ct. 308, 62 L.Ed.2d 315 (1979)). Because Frances had failed to deny the authenticity of the signature on the 1972 return before the Tax Court, Judge Cannella held that she was precluded by *res judicata* from raising it here. He therefore granted the Government's motion for summary judgment.

However, the Government now concedes that the principles of *res judicata* do not apply. The Tax Court's jurisdiction is limited to the redetermination of a "deficiency" or the determination of an "overpayment." 26 U.S.C. § 6512(b)(1) (1976). Because the $9,619.64 liability was neither a deficiency, since it was reflected on the 1972 return, nor an overpayment, since it was never paid, it was not properly within the Tax Court's jurisdiction in 1977. In effect, the present action is a separate cause of action for purposes of *res judicata.*

Nevertheless, we hold that Mrs. Wynshaw is precluded from raising the affirmative defense on grounds of equitable estoppel. That doctrine applies when "[t]he taxpayer, by his conduct, which includes language, acts or silence, knowingly makes a representation or conceals material facts which he intends or expects will be acted upon by taxing officials in determining his tax." *Robinson v. Commissioner,* 100 F.2d 847, 849 (6th Cir.), *cert. denied,* 308 U.S. 567, 60 S.Ct. 81, 84 L.Ed. 476 (1939); *cf. United States v. Matheson,* 532 F.2d 809, 819 (2d Cir.), *cert. denied,* 429 U.S. 823, 97 S.Ct. 75, 50 L.Ed.2d 85 (1976); *Kurz v. United States,* 156 F.Supp. 99, 106 (S.D.N.Y.1957), *aff'd on opinion below,* 254 F.2d 811 (2d Cir.1958). In the present case, the I.R.S. relied on Frances' 1977 statement that she had signed the 1972 return when computing the tax due on David Wynshaw's unreported income. The Service calculated the amount due on the Wynshaws' revised taxable income for 1972 based on the tax rate for married individuals filing jointly.

Had the Service used the rate for married individuals filing separately, as would have been proper had Mrs. Wynshaw not signed or authorized the return, the Tax Court judgment, including fraud penalties, would have been $21,301.00 more than it was under the calculation for married individuals filing a joint return. Thus, if Mrs. Wynshaw's present claim is true, she knowingly made a material misrepresentation of fact in her 1977 petition upon which the I.R.S. foreseeably relied to its detriment, thus fulfilling the textbook definition of equitable estoppel. Although not necessary to a finding of estoppel, it is also clear that Mrs. Wynshaw stood to benefit from her misrepresentation since she was married to David Wynshaw at the time and benefitted from an improvement of his financial position.

Thus, Mrs. Wynshaw's admission of liability as represented by her signed 1972 income tax return is valid and, no material issues of fact existing, the government is entitled to summary judgment reducing the assessment on that return to a judgment against her.

Affirmed.