T.C. Memo. 1997-234


UNITED STATES TAX COURT


SUSAN L. LESINSKI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22086-95.                    Filed May 21, 1997.


Susan L. Lesinski, pro se.

<u>Tyron J. Montague</u> and <u>Peter K. Reilly</u>, for respondent.


MEMORANDUM OPINION


TANNENWALD, <u>Judge</u>:  This matter is before the Court on respondent's motion for leave to file an amendment to answer in which she seeks to recover an asserted erroneous refund.

Petitioner and her husband obtained extensions of time to file their joint Federal income tax return for the taxable year

1991 until October 15, 1992. Petitioner and her husband made payments regarding their 1991 tax liability as follows:

| Type | Amount | Date |
|------|--------|------|
| Estimated tax payment | $2,000 | June 18, 1991 |
| Estimated tax payment | 7,000 | Sept. 18, 1991 |
| Estimated tax payment | 17,000 | Jan. 18, 1992 |
| Credit from 1990 return | 15,874 | April 15, 1992 |
| Income tax withheld | 2,381 | April 15, 1992 |
| Payment with extension request | 13,500 | April 15, 1992 |
| Total | $57,755 | |

On July 26, 1995, respondent mailed petitioner a notice of deficiency for the taxable year 1991 (the notice) determining a deficiency of $80,596 in tax plus additions to tax of $20,149 under section 6651(a) and $4,635 under section 6654.[1] As of that date, petitioner had not filed a Federal income tax return, or a claim for a refund, for that year. Respondent did not issue a notice of deficiency to petitioner's husband.

On October 15, 1995, petitioner and her husband mailed a joint Federal income tax return for 1991 (the return) to the Internal Revenue Service (IRS). The return reflected a tax liability of $47,840, payments totaling $57,755, and an overpayment of $9,915. On the return, petitioner and her husband requested that $9,715 of the overpayment be applied to their 1992

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

estimated tax, and the remaining $200 to the estimated tax penalty.  On October 19, 1995, the IRS received the return.

On October 27, 1995, petitioner, at that time a resident of New York, filed her petition in this case, attaching a copy of the return.  Respondent filed her answer on December 1, 1995.  On April 5, 1996, we issued our notice setting the case for trial at the trial session beginning September 9, 1996.

In or about April 1996, the IRS, allegedly without the knowledge of respondent's counsel in this case, issued a refund to petitioner and her husband for the taxable year 1991 (the refund) in the amount of $10,043.59 ($9,915.00 plus interest).  At some point, respondent accepted the return as filed, and on June 26, 1996, sent petitioner a decision document reflecting no deficiency.[2]  On August 28, 1996, respondent filed her motion for leave to file an amendment to answer in order to recover the refund, alleging that it was erroneous because neither petitioner nor her husband was eligible for a refund due to the expiration of the period of limitations contained in sections 6512(b)(3) and 6511(b)(2).  In her motion, respondent states that the deficiency she now seeks "is solely attributable to the erroneous refund" and that she is no longer seeking any additions to tax.

Petitioner opposes respondent's motion on the grounds that the matter of the deficiency as stated in the notice was resolved

---

[2]  The record contains a copy of the decision document showing that petitioner signed it on Aug. 7, 1996.

- 4 -

by respondent's acceptance of petitioner's return and that we lack jurisdiction over the refund because there is no deficiency. Petitioner also objects due to the motion's lateness and prejudicial effect. Respondent argues that her claim in respect of the refund constitutes a determination of deficiency and that, therefore, this Court has jurisdiction to grant its recovery. We first address the jurisdictional issue.

Section 6514(a)(1) provides that "A refund of any portion of an internal revenue tax shall be considered erroneous and a credit of any such portion shall be considered void * * * If made after the expiration of the period of limitation for filing claim therefor, unless within such period claim was filed". Refunds may be erroneous for other reasons. Secs. 6514, 7405. Respondent has more than one remedy to recover erroneous refunds; these include bringing a civil suit under section 7405 or following the deficiency procedures under sections 6211 through 6215. Beer v. Commissioner, 733 F.2d 435, 436 (6th Cir. 1984), affg. T.C. Memo. 1982-735; Pesch v. Commissioner, 78 T.C. 100, 117-118 (1982).

The jurisdiction of this Court is limited and may be exercised only pursuant to specific statutory authorization. Belloff v. Commissioner, 996 F.2d 607, 611 (2d Cir. 1993), affg. T.C. Memo. 1991-350; Pen Coal Corp. v. Commissioner, 107 T.C. 249, 254 (1996). That authorization encompasses the determination of deficiencies pursuant to section 6214(a) and

overpayments, subject to specific limitations, under section 6512(b). Obviously, the provisions of section 6512(b) are not applicable because petitioner herein is not claiming any overpayment. It is respondent who, having accepted the fact that there was an overpayment and refunded it, now seeks to utilize the deficiency procedure to recapture that refund. To achieve her objective, respondent's claim must fall within the scope of the deficiency procedure.

The term "deficiency" means the amount by which the tax imposed exceeds the excess of --

> (1) the sum of
>
> (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus
>
> (B) the amounts previously assessed (or collected without assessment) as a deficiency, over--
>
> (2) the amount of rebates, as defined in subsection (b)(2), made. [Sec. 6211(a).]

The tax imposed and the tax shown on the return are determined without regard to payment on account of estimated tax or withholding credits. Sec. 6211(b)(1). Section 6211(b)(2) defines "rebate" to mean "so much of an abatement, credit, refund, or other payment, as was made on the ground that the tax imposed * * * was less than the excess of the amount specified in subsection (a)(1) over the rebates previously made." Thus, not all refunds are rebates. See O'Bryant v. United States, 49 F.3d

340 (7th Cir. 1995); Groetzinger v. Commissioner, 69 T.C. 309, 312 (1977); sec. 301.6211-1(f), Proced. & Admin. Regs.

Application of the foregoing statutory provisions to an erroneous refund requires a determination of the basis of the refund, i.e., is it a rebate within the meaning of section 6211(b)(1)?  The answer to this question depends upon what the refund herein represents.  If it is a refund related to the recalculation of petitioner's tax liability, then it constitutes a rebate.  If it is unrelated to a recalculation of petitioner's tax liability, then it is properly characterized as a nonrebate refund.  See O'Bryant v. United States, supra, wherein the foregoing dichotomy is set forth; see also Clark v. United States, 63 F.3d 83 (1st Cir. 1995); Groetzinger v. Commissioner, supra at 315.

In the instant case, respondent has accepted the amount shown as tax on the return as the correct amount of tax imposed. She is not seeking to increase the amount of that tax.  The amount of the refund check was the amount by which the payments exceeded the amount of tax shown on the return, plus interest. The refund was not made on the ground that the tax imposed was less than the amount of tax shown; therefore, it is not a rebate. The amount of the deficiency as defined in section 6211 is, therefore, zero.  Thus, respondent cannot seek an increased deficiency in order to recover the refund.

Nor can respondent salvage her position because the amount of the alleged erroneous refund is less than the amount of the deficiency originally determined in the notice so that only a different ground for the deficiency is involved. The hard fact is that the claim for the erroneous refund simply does not fall within the definition of a deficiency and is therefore not merely a new ground for a properly claimed deficiency.

We conclude that the subject matter of respondent's amendment to answer is not within our jurisdiction, and therefore respondent's motion will be denied. We note, however, that respondent may pursue recovery of the refund in U.S. District Court under section 7405. Generally, the period of limitation for bringing suit is within 2 years of making the erroneous refund. Secs. 7405(d), 6532(b). Our determination that we lack jurisdiction with respect to respondent's claim appears to preclude the application of the principles of res judicata to the decision of no deficiency in tax for 1991 which will be entered herein. United States v. Wynshaw, 697 F.2d 85, 87 (2d Cir. 1983); Morse v. United States, 494 F.2d 876, 879 (9th Cir. 1974).

An appropriate order will be entered denying respondent's motion, and decision will be entered for petitioner.