113 T.C. No. 7


UNITED STATES TAX COURT


HERBERT C. ELLIOTT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 733-96.                    Filed August 10, 1999.


On Oct. 17, 1991, a Form 1040 was submitted by an attorney, A, on behalf of P for the taxable year 1990, which would have been timely. The submission of the return by A did not comply with the requirements of sec. 1.6012-1(a)(5), Income Tax Regs. P contends that, irrespective of the regulations, the return was timely filed under Miller v. Commissioner, 237 F.2d 830 (5th Cir. 1956), which this Court followed in Booher v. Commissioner, 28 T.C. 817 (1957). Both Miller and Booher were decided under the 1939 Code. The 1954 Code and the regulations thereunder provide a different framework. Held: Because the Form 1040 submitted on behalf of P was not signed as required by sec. 1.6012-1(a)(5), Income Tax Regs., it did not constitute a valid return. Held, further, sec. 1.6012-1(a)(5), Income Tax Regs., is valid. Held, further, P is liable for the addition to tax under sec. 6651(a)(1), I.R.C., for 1990.


John H. Trader, for petitioner.

Dennis R. Onnen, for respondent.

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial Judge Carleton D. Powell pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

POWELL, <u>Special Trial Judge</u>: Respondent determined a deficiency in petitioner's 1990 Federal income tax in the amount of $6,237 and an addition to tax under section 6651(a) in the amount of $647.  By a separate notice of deficiency, respondent also determined deficiencies in petitioner's 1991 and 1992 Federal income taxes.

The parties stipulated that the substantive issues for all 3 years are identical and that the substantive issues for the tax year 1990 would be determined by the opinion rendered for the taxable years 1991 and 1992.  The substantive issues for 1991 and 1992 were decided adversely to petitioner in <u>Elliott v. Commissioner</u>, T.C. Memo. 1997-294, affd. per curiam without published opinion 149 F.3d 1187 (8th Cir. 1998).  The issues remaining for the 1990 taxable year are (1) whether respondent is barred by the statute of limitations from assessing the tax for

---

[1]     Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

1990, and (2) whether petitioner is liable for the addition to tax under section 6651(a)(1) for 1990.

FINDINGS OF FACT

Petitioner resided in Kansas City, Missouri, at the time his petition was filed.

Petitioner requested and received an extension to file his 1990 Federal income tax return. On October 17, 1991, the Internal Revenue Service (IRS) received a Form 1040 submitted in petitioner's name. Petitioner did not sign the Form 1040. Rather it was signed "Herbert C. Elliott By: John H. Trader Under Power of Attorney" and submitted by Mr. Trader, petitioner's attorney. There was no Form 2848 (Power of Attorney and Declaration of Representative) or other power of attorney accompanying the Form 1040, and there is no evidence that Mr. Trader or petitioner obtained the consent of the District Director for Mr. Trader to file the return as an agent for petitioner.

At the time Mr. Trader signed and submitted the Form 1040, he did not have a written power of attorney from petitioner to file a return for the taxable year 1990. On October 25, 1991, the IRS returned the Form 1040 to Mr. Trader and requested that he return the form with a copy of the power of attorney. Mr. Trader received the Form 1040 and the request. However, the Form

1040 and the letter request were put in a file and not returned to the IRS until July 1993.

On or about July 12, 1993, Mr. Trader resubmitted the Form 1040 and enclosed a Form 2848 power of attorney that was improperly filled out. Subsequently, Mr. Trader correctly filled out the Form 2848 and submitted it to the IRS on a date that is not contained in the record.

Respondent issued a notice of deficiency for petitioner's 1990 taxable year on October 10, 1995.

OPINION

1. <u>Statute of Limitations</u>

Petitioner contends that his Federal income tax return for 1990 was filed on October 17, 1991, when the Form 1040 was submitted by Mr. Trader, and respondent is therefore barred by the statute of limitations from asserting a deficiency for 1990. To the contrary, respondent contends that the Form 1040 submitted by Mr. Trader was not a valid return, and therefore the period for assessment is not barred.

Generally, an assessment of taxes must be made within "3 years after the return was filed (whether or not such return was filed on or after the date prescribed)". Sec. 6501(a). Section 6011(a) provides that "any person made liable for any tax * * * shall make a return * * * according to the forms and regulations prescribed by the Secretary." A return required to be filed

"shall contain or be verified by a written declaration that it is made under the penalties of perjury." Sec. 6065; see also Plunkett v. Commissioner, 41 B.T.A. 700, 711 (1940), affd. 118 F.2d 644 (1st Cir. 1941); Wallace v. Commissioner, T.C. Memo. 1975-133. Section 6061 provides that "any return, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall be signed in accordance with forms or regulations prescribed by the Secretary." The regulations promulgated under section 6061 require that "Each individual * * * shall sign the income tax return required to be made by him, except that the return may be signed for the taxpayer by an agent who is duly authorized in accordance with paragraph (a)(5) or (b) of section 1.6012-1 to make such return." Sec. 1.6061-1(a), Income Tax Regs.[2]

Section 1.6012-1(a)(5), Income Tax Regs., provides, inter alia,[3] that

> In addition, a return may be made by an agent if the
> taxpayer requests permission, in writing, of the district
> director * * * and * * * [the] district director determines
> that good cause exists for permitting the return to be so
> made. * * * Whenever a return is made by an agent it must be

---

[2] Sec. 1.6012-1(b), Income Tax Regs., applies to returns of nonresident alien individuals and is not relevant here.

[3] Sec. 1.6012-1(a)(5), Income Tax Regs., also sets forth the rules for making a return by an agent for persons under disabilities or out of the country for at least 60 days. Petitioner does not contend that either of these provisions applies.

accompanied by a power of attorney (or copy thereof) authorizing him to represent his principal in making, executing, or filing the return. A Form 2848, when properly completed, is sufficient. * * *

Failure to satisfy the requirements for filing a return is fatal to the validity and the timeliness of the return. See Plunkett v. Commissioner, supra. As we noted in Richardson v. Commissioner, 72 T.C. 818, 823 (1979): "It is well established that the filing of an unsigned return form is not the filing of a return and does not start the running of the statute of limitations against respondent." See also Lucas v. Pilliod Lumber Co., 281 U.S. 245, 249 (1930); Hamilton v. Commissioner, T.C. Memo. 1954-118, affd. per curiam 232 F.2d 891 (6th Cir. 1956).

The question here is whether the Form 1040 submitted by Mr. Trader in October 1991 constitutes a return. Petitioner did not sign the form and the execution of the form by Mr. Trader did not satisfy the signature requirements of the regulations for signing a return by an agent. In particular there was no power of attorney attached to the return as originally submitted.[4] The Form 1040 submitted in October 1991 by Mr. Trader did not

---

[4] We are not concerned here with whether the resubmission of the Form 1040 on July 12, 1993, constituted a valid return. The notice of deficiency was mailed on Oct. 10, 1995. The question then focuses on whether a return was filed prior to Oct. 10, 1992, 3 years prior to the mailing of the notice of deficiency. See sec. 6501(a).

constitute a signed return under section 1.6012-1(a)(5), Income Tax Regs.

Petitioner does not directly attack the validity of section 1.6012-1(a)(5), Income Tax Regs. Rather, petitioner relies upon Miller v. Commissioner, 237 F.2d 830 (5th Cir. 1956), affg. in part, revg. in pertinent part and remanding T.C. Memo. 1955-112, to support his position. In Miller the taxpayer submitted returns that he did not sign. For the 1943 year the taxpayer had his wife sign the return for him. See id. at 832. This was done at the taxpayer's direction and in front of his accountant. "All of the inscriptions were affixed by the taxpayer's wife, upon his oral authorization and direction, at the place on the return pointed out by the accountant who had prepared the return." Id.

The Court of Appeals for the Fifth Circuit held that

> Where, as here, a return complete in form, signed in the taxpayer's name by one purporting to have authority and who actually had such authority, was filed, we find no basis for holding that this was no such return as would commence the running of the statute of limitations. * * * [Id. at 837.]

In Booher v. Commissioner, 28 T.C. 817, 824-825 (1957), this Court adopted the reasoning of the Court of Appeals for the Fifth Circuit in Miller v. Commissioner, supra, and in Lombardo v. Commissioner, 99 T.C. 342, 358 (1992), affd. sub nom. Davis v. Commissioner, 68 F.3d 1129 (9th Cir. 1995), we reiterated that position.

Booher arose under the 1939 Code provisions, and for reasons discussed, infra, we do not believe that it is controlling under the 1954 Code and subsequent enactments. Lombardo involved the situation where a taxpayer sought to disavow the filing of a return. The Court held that the taxpayer had "not carried his burden of showing that the filing of his return and affixing of his signature by * * * [an agent] was not authorized." Lombardo v. Commissioner, supra at 358. In making this determination, we relied on United States v. Wynshaw, 697 F.2d 85 (2d Cir. 1983). In that case, the Court of Appeals for the Second Circuit applied the doctrine of estoppel to preclude the taxpayer from denying that she had executed the return. In Lombardo we also referred to both Miller and Booher. This reference, however, was not necessary to the rationale of our holding and was essentially dictum. In Lombardo, unlike the present case, the taxpayer's agent timely filed the return under authority duly granted by a power of attorney that was signed by the taxpayer and attached to the return.

Booher relies upon Miller. The holding in Miller v. Commissioner, 237 F.2d at 835, was predicated on the view that there was no "specific authorization in the statute [under the 1939 Code] for the Commissioner to specify by regulations what constitutes a return." See Miller v. Commissioner, supra at 837 where the Court of Appeals noted that under the 1939 Code:

The statutory grant of power to the Treasury to issue regulations does not touch upon the matter of the execution or making of the return, but covers only the extent and detail in which the items of gross income and the deductions and credits and "such other information for the purpose of carrying out the provisions of this chapter" are to be stated.

The court recognized, however, that such authority existed in section 6061 of the 1954 Code. See id. at 835 n.4. As we have previously pointed out, section 6061 specifically authorizes the Secretary to issue regulations governing the signing of a return. Thus, the statutory landscape that was crucial to the reasoning in Miller was altered by section 6061 of the 1954 Code.

We think the cases of Miller, Booher, and Lombardo are all factually distinguishable from the present case.

There still may be a question whether the provisions of section 1.6012-1(a)(5), Income Tax Regs., are valid. This is a legislative regulation and is entitled to greater deference than interpretive regulations. See Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996). We accord legislative regulations the highest level of judicial deference. See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843-844 (1984); see also Ahmetovic v. INS, 62 F.3d 48, 51 (2d Cir. 1995).

Legislative regulations "can only be set aside by a court if they are arbitrary, capricious, or clearly contrary to the statute." McKnight v. Commissioner, 99 T.C. 180, 183 (1992)

(citing <u>Morton v. Ruiz</u>, 415 U.S. 199 (1974)), affd. 7 F.3d 447 (5th Cir. 1993).  The regulation is not contrary to the language of any statute governing the filing of tax returns.  Furthermore, respondent has a definite interest in the manner of the execution of tax returns.  It affects, as here, the period of limitations. Furthermore, as noted <u>supra</u>, returns must be verified under penalties of perjury.  See sec. 6065.  Criminal liabilities are affixed to the jurat on tax returns.  See, e.g., sec. 7206(1). The requirements of section 1.6012-1(a)(5), Income Tax Regs., ensure that both the civil and criminal liabilities are not circumvented.  Under these circumstances we cannot say that the provisions of section 1.6012-1(a)(5), Income Tax Regs., are arbitrary, capricious, or contrary to the statutory provisions, and we hold that the regulation is valid.

The execution of the Form 1040 by Mr. Trader in October 1991 did not comply with section 1.6012-1(a)(5), Income Tax Regs. Accordingly, the notice of deficiency was issued within the 3-year period, and respondent was not barred by the statute of limitations from issuing the notice of deficiency for petitioner's 1990 taxable year.

2.  <u>Addition to Tax Under Section 6651(a)(1)</u>

Section 6651(a) imposes an addition to tax for failing to file a timely income tax return, unless such failure to file is due to reasonable cause and not due to willful neglect.  The

addition to tax is 5 percent of the amount required to be reported on the return for each month or fraction thereof during which such failure to file continues, not to exceed 25 percent in the aggregate.  See sec. 6651(a)(1).  The question whether failure to timely file is due to reasonable cause and not willful neglect is one of fact, on which petitioner bears the burden of proof.  See Rule 142(a); <u>United States v. Boyle</u>, 469 U.S. 241 (1985).

Petitioner's argument regarding the imposition of the section 6651(a)(1) addition to tax is contained in the following sentence:  "In that petitioner's 1990 income tax return was timely filed, it follows that petitioner is not liable for this penalty."  We have found that petitioner's return was not timely filed.  Moreover, as <u>United States v. Boyle</u>, <u>supra</u>, makes clear, while a taxpayer may entrust the filing of a tax return to an agent, the taxpayer does so at his or her own risk.  Respondent's determination of the addition to tax under section 6651(a)(1) for 1990 is sustained.

<u>Decision will be entered</u>

<u>for respondent</u>.