T.C. Memo. 2001-306

UNITED STATES TAX COURT

ANTHONY P. HART, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7102-00.                    Filed November 28, 2001.

Anthony P. Hart, pro se.

<u>Andrew R. Moore</u>, for respondent.

MEMORANDUM OPINION

BEGHE, <u>Judge</u>:  After a course of conduct that confused respondent and avoided the payment of income taxes clearly due, petitioner filed a frivolous petition and maintained these proceedings for the sole purpose of delaying the efficient administration of the tax law.

Respondent determined a deficiency, an accuracy-related penalty under section 6662(a),[1] and an addition to tax for failure to pay estimated taxes under section 6654(a) in petitioner's 1998 Federal income tax in the respective amounts of $31,070, $6,214 and $1,086.

Petitioner was a resident of San Jose, California, at the time he filed his petition.

Petitioner was employed by the Quicksilver Group, a software consulting company, throughout 1998. Petitioner admits that in 1998 he received wages of $105,873, interest of $294, and an early distribution from his individual retirement account of $13,291. Petitioner also admits that no Federal income tax was withheld from his wages and that he made no estimated tax payments or other payments on account of his income for 1998.

Petitioner's employer filed with respondent a Form W-2, Wage and Tax Statement, showing that it had paid petitioner "wages, tips, other compensation" of $105,873. The interest and the early distribution from petitioner's individual retirement account were reported to respondent by the payors on Form 1099s.

Petitioner demanded that his employer file an amended Form W-2 stating that he had received no wages, tips, or other compensation. When petitioner's employer refused to amend the

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue.

Form W-2, petitioner submitted a Form 4852, Substitute Form W-2, requesting a Form W-2 correction to indicate that he received no "wages, tips or other compensation." Throughout this course of events, petitioner knew that the Form W-2 statement was entirely accurate.

Petitioner also filed an unsigned Form 1040, U.S. Individual Income Tax Return, indicating that he had no income, and no tax liability. Apparently, the Internal Revenue Service Center treated the unsigned Form 1040 as if it were a valid return, and thus failed to determine a 25-percent addition to tax under section 6651(a) for petitioner's failure to file a timely tax return. Instead, respondent determined in the notice of deficiency that petitioner was liable for a 20-percent accuracy-related penalty under section 6662(a). Also in the notice, respondent determined an addition for failure to pay estimated taxes under section 6654(a).

In his petition, petitioner states that he is not a tax protester. He says our tax laws are very clearly written, and provide that he need not pay tax on his income because he was not engaged in an "excise taxable activity" for the tax period in question.

On March 5, 2001, in compliance with the Court's pretrial order, petitioner filed a trial memorandum that we are treating as his brief. Petitioner argues in his brief that he owes no

income taxes on his income because: (1) The income tax is an "excise tax", and he did not engage in any "excise taxable activity", (2) the income tax is applicable only to nonresidents, and to earnings by residents from sources outside the United States, and (3) "No law requires petitioner to sign a document under penalty of perjury and no law requires him to file a 1040 tax return." Petitioner, of course, cites no relevant authority in support of his theories.[2] Petitioner also had the temerity to ask for $10,000 in sanctions against respondent because he had to respond to respondent's deficiency notice.

Long before petitioner filed his trial brief, respondent had provided petitioner with copies of this Court's opinions in Rowlee v. Commissioner, 80 T.C. 1111 (1983), and Grimes v. Commissioner, 82 T.C. 235 (1984). In both cases, this Court specifically rejected (with copious citation of authorities) the arguments, advanced here by petitioner, that wages are not subject to tax as income.[3] Thus, petitioner was well aware when

---

[2]Petitioner cites a single case, Stanton v. Baltic Mining Co., 240 U.S. 103 (1916), which upheld the validity of a tax on a mining company under the income tax section of the Tariff Act of Oct. 3, 1913, ch. 16, 38 Stat. 166, 181. Petitioner appears to cite the case for the proposition that the 16th Amendment to the Constitution does not permit Congress to impose a tax on income. Petitioner's argument is, of course, utter nonsense. The text of the amendment could not be clearer in establishing the power of Congress to impose and collect income taxes.

[3]Rowlee v. Commissioner, 80 T.C. 1111 (1983), sustained the
(continued...)

he filed his brief that his arguments lack any basis in law and have been previously rejected by this Court.

At the hearing, the Court asked respondent to send petitioner a copy of our opinions in Liddane v. Commissioner, T.C. Memo. 1998-259, affd. without published opinion 208 F.3d 206 (3d Cir. 2000); Cocozza v. Commissioner, T.C. Memo. 1997-305; and Talmage v. Commissioner, T.C. Memo. 1996-114, affd. without published opinion 99 F.3d 1131 (4th Cir. 1996), further to inform petitioner that his arguments are frivolous and have been repeatedly rejected by this Court, and that his continued maintenance of these frivolous arguments could subject him to a penalty of up to $25,000 under section 6673(a).

According to a motion filed by respondent after the hearing:

> Respondent's counsel contacted petitioner on or about April 18, 2001, at which time petitioner stated that he would sign a decision document based on the amounts stated in the statutory notice of deficiency.

> Respondent mailed a cover letter and a decision document (attached) to petitioner on the same day. Respondent left messages on petitioner's answering machine * * * on April 27, 2001 and May 2, 2001 inquiring whether petitioner had sent the signed

---

³(...continued)
Commissioner's determination of the fraud penalty against a tax protester nonfiler. Grimes v. Commissioner, 82 T.C. 235 (1984), awarded the Commissioner damages under a prior version of sec. 6673(a) against a taxpayer who continued to maintain the frivolous positions taken in his petition. See also Grimes v. Commissioner, 806 F.2d 1451 (9th Cir. 1986), affg. an unreported order of this Court to impose damages against the same taxpayer for a later year and also awarding additional damages to the Government on account of the taxpayer's frivolous appeal.

decision document to respondent. Thus far, no response has been received.

Petitioner could have avoided causing further delay and expense by executing and returning the stipulated decision document. However, petitioner elected not to do so, or even to inform respondent that he had changed his mind about doing so. Due to the delay caused by petitioner's initially agreeing to sign and return the stipulated decision document and then failing to do so, respondent was forced to file a motion to extend the briefing schedule. The Court granted the motion and set dates for respondent to file his opening brief, petitioner to file his answering brief, and respondent to file his reply brief. Respondent timely filed a posttrial opening brief setting forth a detailed response to petitioner's frivolous contentions. Petitioner did not file a posttrial answering brief, and respondent elected not to file an additional brief. Thereafter, respondent filed a motion for an award of sanctions under section 6673.

1. Deficiency Determination

Petitioner's wages, interest income, and distributions from his individual retirement account are taxable as income. See, e.g., United States v. Connor, 898 F.2d 942, 943 (3d Cir. 1990) ("Every court which has ever considered the issue has unequivocally rejected the argument that wages are not income"); United States v. Richards, 723 F.2d 646, 648 (8th Cir. 1983)

(argument that wages and salaries are not income is "totally lacking in merit"); Hayward v. Day, 619 F.2d 716, 717 (8th Cir. 1980); Rowlee v. Commissioner, supra at 1120; Grimes v. Commissioner, 82 T.C. 235 (1984); Liddane v. Commissioner, supra; Cocozza v. Commissioner, supra; Talmage v. Commissioner, supra. We need not exhaustively review and respond to petitioner's baseless and misguided contentions. Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984).

2. Accuracy-Related Penalty Under Section 6662(a)

The 20-percent accuracy-related penalty under section 6662(a) can be imposed only if a valid tax return is filed. Sec. 6664(b). In Williams v. Commissioner, 114 T.C. 136 (2000), this Court held that a section 6662 penalty can be imposed only if a taxpayer files a valid (although erroneous) return. Because the taxpayer in Williams had filed only invalid returns (first an unsigned return, and second a signed amended return with an improper disclaimer), no section 6662(a) accuracy-related penalty could be imposed.

Like the taxpayer in Williams, petitioner filed an unsigned Form 1040 tax return showing zero tax owing. An unsigned tax return is of no effect. A Form 1040 that is not duly signed and verified under penalties of perjury does not constitute a valid Federal income tax return. Lucas v. Pilliod Lumber Co., 281 U.S. 245 (1930); Elliott v. Commissioner, 113 T.C. 125, 128 (1999);

<u>Richardson v. Commissioner</u>, 72 T.C. 818, 823 (1979) ("It is well established that the filing of an unsigned return form is not the filing of a return"); <u>Cupp v. Commissioner</u>, 65 T.C. 68, 78-79 (1975) ("in order for a Form 1040 to constitute a valid income tax return it must be signed by the taxpayer under penalties of perjury"), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977).

Petitioner has admitted that he did not file a valid income tax return for 1998.  Petitioner stated in his brief:

> No law requires petitioner to sign a document under penalty of perjury and no law requires him to file a 1040 tax return.  Since petitioner was not required he did not file a 1040 tax return for 1998.  Respondent's statement to the contrary is erroneous and petitioner challenges respondent to produce any 1040 form for 1998 IRS might have in file for petitioner.[4]

Because petitioner failed to file a valid return, respondent is not entitled to recover a section 6662(a) accuracy-related penalty.

---

[4]Petitioner's unsupported argument is, of course, dead wrong.  Sec. 6011(a) provides that "any person made liable for any tax * * * shall make a return * * * according to the forms and regulations prescribed by the Secretary."  A return required to be filed "shall contain or be verified by a written declaration that it is made under the penalties of perjury." Sec. 6065.  Sec. 6061 provides the general rule that "any return, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall be signed in accordance with forms or regulations prescribed by the Secretary."  Sec. 1.6012-1(a)(6), Income Tax Regs., provides that "Form 1040 is prescribed for general use in making the return required under this paragraph."  Therefore, contrary to his unsupported allegations, petitioner was required to file a Form 1040 properly signed under penalties of perjury.

3.    Addition for Failure To Pay Estimated Tax

Petitioner admits that he did not pay estimated taxes on his income.  He is therefore liable for an addition to tax under section 6654(a).  Respondent properly included the failure to pay estimated taxes addition in the notice of deficiency.  Where, as in the case at hand, no valid return for the taxable year was filed,[5] these amounts are to be assessed, collected, and paid as taxes under section 6665(a)(1), and are subject to the deficiency procedures.  Sec. 6665(b)(2).  Because petitioner failed to file a valid return for the 1998 taxable year, it was proper for respondent to include the section 6654(a) addition in the notice of deficiency, and we have jurisdiction to determine whether petitioner is liable for the addition.  We sustain respondent's determination that petitioner is liable for a failure to pay estimated taxes addition under section 6654(a).

---

[5]It's worth noting that respondent included the sec. 6654(a) addition to tax in the notice of deficiency even though respondent apparently thought that petitioner had filed a valid income tax return.  We would have no jurisdiction to review the sec. 6654(a) addition to tax if petitioner had filed a valid income tax return.  Sec. 6665(b).  See also Estate of DiRezza v. Commissioner, 78 T.C. 19 (1982), for a discussion of the legislative history of sec. 6665(b)'s identical predecessor, former sec. 6659.  In any event, it's improper for respondent to include in the notice of deficiency (unless in the alternative) both a sec. 6654(a) addition for failure to pay estimated tax and a sec. 6662 accuracy-related penalty.  The sec. 6662 penalty applies only if a valid return is filed, and the deficiency procedures can be used in connection with a sec. 6654(a) addition only if a valid return is not filed.

4. <u>Addition for Failure To Timely File Return</u>

Section 6651(a)(1) provides that a taxpayer who fails to timely file a return "shall" pay an addition to tax of 5 percent per month of the amount required to be shown on the return, not to exceed 25 percent. The provision is mandatory, "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." <u>Id.</u> Respondent did not include a failure to file addition under section 6651(a)(1) in the notice of deficiency, presumably because respondent's personnel at the Internal Revenue Service Center were confused by the unsigned Form 1040 filed by petitioner showing no tax due. Had respondent included the section 6651(a)(1) addition in the notice of deficiency, petitioner would have been liable for an addition of 25 percent of the amount that should have been shown on the return.

Section 6214(a) gives us jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount set forth in the notice of deficiency "if claim therefor is asserted by the Secretary at or before the hearing or a rehearing." Even after realizing that petitioner had failed to file a valid income tax return, respondent inexplicably did not assert a claim for the section 6651(a)(1) addition. Because respondent asserted no claim for the section 6651(a)(1) addition at or before the hearing, we

cannot award the addition.  O'Rourke v. Commissioner, T.C. Memo. 1997-152 (Court could not award statutory increase in addition to tax under section 6661 where not asserted by Commissioner).

    5.   Section 6673(a) Penalty

Respondent, after filing his posttrial brief, filed a motion for the imposition of a section 6673 penalty against petitioner.

Section 6673(a) allows the Tax Court to impose a penalty of up to $25,000, payable to the United States, when a taxpayer institutes or maintains a proceeding primarily for delay, where the taxpayer's position in the proceeding is frivolous or groundless, or where the taxpayer unreasonably failed to pursue available administrative remedies.

In the case at hand, we hold that petitioner is subject to a penalty under section 6673(a)(1) on two cumulative grounds--he maintained the action solely for the purposes of delay, and he continued to do so after receiving copies of authorities rejecting as frivolous and groundless the same arguments he has advanced in the case at hand.  Moreover, after trial, petitioner first orally agreed to sign a decision document conceding the case and then failed to sign the document or respond to respondent's inquiries.  Petitioner's conduct required respondent to file a motion to extend time to file opening brief, prepare and file the brief, and prepare a motion for sanctions under section 6673.  Petitioner's conduct also required the Court to

prepare this opinion, spending time and effort that would have been better spent on a good faith controversy requiring resolution of claims having colorable merit.

We therefore exercise our discretion under section 6673(a)(1)(A) and (B), and impose upon and require petitioner to pay a penalty of $15,000 to the United States.

To give effect to the foregoing,

<u>An appropriate order and decision will be entered</u>.