T.C. Memo. 2017-2

UNITED STATES TAX COURT

BARRY JOHN SULLIVAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22203-15.

Filed January 3, 2017.

Barry John Sullivan, pro se.

Karen O. Myrick, for respondent.

MEMORANDUM OPINION

GERBER, Judge:  Respondent, on August 22, 2016, filed a motion for

summary judgment (motion) under Rule 121(b),[1] and petitioner, on September 13,

_____

[1]Unless otherwise indicated, all Rule references are to Tax Court Rules of
Practice and Procedure and all section references are to the Internal Revenue Code
(continued...)

**[\*2]** 2016, filed a response.  The issues for our consideration are whether:  (1) petitioner properly excluded certain income from gross income on his 2012 return; (2) petitioner's timely submitted unsigned 2012 return, which respondent returned to him, is sufficient to avert the addition to tax for late filing under section 6651(a)(1); (3) petitioner is liable for an accuracy-related penalty under section 6662(a); and (4) this Court has jurisdiction over section 31 payments and credits and, if so, whether petitioner overstated his withholding credits.

## Background[2]

Petitioner resided in St. Louis, Missouri, at the time his petition was filed.  During 2012 petitioner worked as a part-time faculty member for St. Louis Community College and he was paid $3,883.42.  Of that amount, $232.58 was withheld and remitted to the United States Treasury.  Petitioner also worked for Eggering Construction, LLC, during 2012 and he was paid $2,148.  Of that amount, $220.59 was withheld and remitted to the United States Treasury.  During 2012 petitioner received $6,975 as remuneration for work performed for Alfie Entertainment, Inc., Santa's Magical Kingdom.

---

[1](...continued)
in effect for the year in issue.

[2]The parties entered into a stipulation of facts, which included stipulated documents.

**[\*3]** Petitioner received $25,150 from Pacific Life Insurance Co. (Pacific) during 2012. The moneys he received from Pacific were not: (1) attributable to a disability; (2) a part of a series of substantially equal payments; (3) dividends with respect to a corporation described in section 404(k); (4) due to a levy under section 6331; received for medical care use; (5) pursuant to a qualified domestic relations order; (6) received while petitioner was unemployed and intended for payment of health insurance premiums; (7) received for paying higher education expenses; (8) received for the purpose of purchasing a new home; or (9) due to petitioner's being called to active duty.

Petitioner timely submitted an unsigned 2012 Form 1040, U.S. Individual Income Tax Return, that respondent did not treat as "filed". Instead, on June 4, 2013, respondent returned the 2012 Form 1040 to petitioner for signature. Petitioner signed the Form 1040 and resubmitted it to respondent on July 1, 2013, and respondent filed it. On the 2012 Form 1040 petitioner reported Federal income tax withholding of $453.17, which comprised $99.18 of income tax withholding, $263.14 of Social Security withholding, and $90.85 of Medicare withholding. Petitioner reported zero wages, a $15,276.86 I.R.A. distribution as taxable, and a $25,150 pension or annuity as not taxable. Petitioner computed $553 of income tax liability; and after subtracting the $453.17 of income, Social

[*4] Security, and Medicare withholding, he reported a tax due of $99.83, which he paid by check with his timely submitted but unsigned 2012 Form 1040.

Although entities for which petitioner worked during 2012 reported wages to respondent and sent Forms W-2, Wage and Tax Statement, to petitioner, petitioner prepared and attached to his return Forms 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, reflecting zero wages or compensation from Steve Eggering Construction, LLC, St. Louis Community College, and Alfie Entertainment, Inc. Petitioner also prepared and attached a Form 4852 with respect to Pacific reflecting that the $25,150 distribution was not taxable.

During April 2014 petitioner submitted an amended 2012 income tax return claiming a $3,000 capital loss carryover deduction. On June 30, 2014, respondent accepted the change and advised petitioner that he was entitled to a $200 refund.

On June 1, 2015, respondent mailed to petitioner a statutory notice of deficiency for 2012 determining that petitioner had a $6,640 income tax deficiency, a $1,399 accuracy-related penalty, and a $1,019 addition to tax for failure to timely file.

Before and after the mailing of the notice of deficiency, petitioner engaged in extensive correspondence concerning his disagreement with respondent's

[*5] determinations.  In particular, petitioner contended that the amounts he received are not taxable because respondent has failed to "show a legal connection between his activity and payments from * * * [the entities for whom he worked and the insurance company], and any specifically defined imposition of tax with the IRC."  As a subset of that contention, petitioner further contended that his understanding of the taxable income concept would require respondent to show some nexus between the payments to him for his activity and the Federal Government.  As part of petitioner's correspondence with respondent, he attempted to show that there was no connection between his employers or the insurance company and the Federal Government.

Discussion

Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials.  Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974).  Summary judgment may be granted where the pleadings and other materials show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law.  Rule 121(b); see Schlosser v. Commissioner, T.C. Memo. 2007-298, 2007 Tax Ct. Memo LEXIS 300, at *6, aff'd, 287 F. App'x 169 (3d Cir. 2008).  The burden is on the moving party to demonstrate that no genuine dispute as to any material fact remains and that he is

[*6] entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). In all cases the evidence is viewed in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993). However, the nonmoving party is required "to go beyond the pleadings and by * * * [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Rauenhorst v. Commissioner, 119 T.C. 157, 175 (2002); FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559 (2000).

The parties agree that there is no dispute about a material fact. The questions before the Court can be decided on the facts stipulated by the parties.

I. Whether Certain Amounts Petitioner Received Were Income

The first issue we consider is whether petitioner properly excluded certain income from gross income on his 2012 return. Initially, respondent bears a burden of production because he relied on third-party payor information to determine an income tax deficiency. Portillo v. Commissioner, 932 F.2d 1128 1133-1134 (5th Cir. 1991), aff'g in part, rev'g in part T.C. Memo. 1990-68. Unlike the situation in Portillo, here there is no question that petitioner was paid certain amounts by employers and an insurance company during 2012. He confirmed that information

[*7] on his return where he treated those amounts as nontaxable, relying upon his interpretation of what constitutes income, wages, or payments that are taxable. Respondent has also carried his burden under section 7491 by producing documentation from employers and the insurance company and relying on the admissions in petitioner's 2010 return. Accordingly, respondent has met his burden and we next consider petitioner's legal position underlying his reporting position that the amounts received are not taxable.

Respondent, relying on section 61, states that gross income includes all income from whatever source derived, including compensation for services. Petitioner disagrees, arguing as follows:

> I.R.C § [61] does indeed define gross income as "all income from whatever source derived, . . .", and the similarity of the wording between it and the 16th Amendment [to the U.S. Constitution] is unmistakable. There is no specific definition of a term "income" in the IRC, which lends to a semantic hall-of-mirrors of confusing usages. However, the meaning of "income" and the meaning of the 16th Amendment itself are subordinate to Supreme Court of the United States ruling which establish collateral estoppel on both subjects. In Brushaber v. Union Pacific. R., [240 U.S. 1 (1916)] [t]he Supreme Court has established that the 16th [A]mendment did not extend the taxing power beyond the limitations imposed by Article 1. Section 9. Clause 4 of the Constitution and did not invalidate it.

Although it is difficult to follow the logic of petitioner's argument, similar arguments have been advanced numerous times without success and rejected as a

[*8] reason for not including or reporting income. See, e.g., Briggs v. Commissioner, T.C. Memo. 2016-86, at *10 (and cases cited thereat). Petitioner's argument is without substance and relies on selected phrases out of context from a 1916 Supreme Court case which upheld the Revenue Act of 1913. That case permitted the imposition of income tax, and petitioner's arguments ignore 100 years of Federal tax law and cases contrary to his arguments. Under the circumstances, we need not address the merits of petitioner's legal reasoning for contending that his wages and an insurance company annuity payment are not taxable income. Accordingly, we sustain respondent's determination that the amounts petitioner received during 2012 are taxable income.

## II. Failure To File Under Section 6651(a)

Next we consider whether petitioner's attempt to file a timely but unsigned tax return for 2012 is sufficient to avoid the imposition of the late filing addition to tax under section 6651(a)(1).

Section 6651(a) provides for an addition to tax for failure "to file any return" timely unless a taxpayer shows that the failure was due to reasonable cause and not due to willful neglect. Petitioner admits that an unsigned return is not a valid return, but he argues that it was an honest mistake and that he resubmitted the return with a signature after he learned of his mistake. Petitioner also notes

**[\*9]** that he submitted a signed check for $99.83 dated April 14, 2013, along with the timely, but unsigned 2012 Form 1040. It is petitioner's position that his failure to sign the first return submitted was due to an honest mistake and therefore there was reasonable cause for and no willful neglect in his submitting the signed return late.

This Court has held that an unsigned return is "no return at all." See Vaira v. Commissioner, 52 T.C. 986, 1005 (1969), aff'd on this issue, rev'd and remanded on other grounds, 44 F.2d 770 (3d Cir. 1985); see also Elliott v. Commissioner, 113 T.C. 125, 128 (1999) (holding that an unsigned return is not a "return" that would start the running of the period of limitations on assessment).

The facts in this case are substantially similar to the facts in Vaira. Like petitioner, the taxpayer in Vaira timely submitted an unsigned return along with a signed check for full payment of the tax due as reported by the taxpayer. Vaira v. Commissioner, 52 T.C. at 1005. However, in this case the sequence of events regarding filing are somewhat different. While respondent rightfully did not treat the original submitted return as "filed", it was not returned to petitioner for signature until almost two months later, on June 4, 2013. Shortly after receiving the unsigned return, petitioner signed and resubmitted it to respondent on July 1, 2013, at which time it was officially filed by respondent.

**[\*10]** Those circumstances clearly do not indicate willful neglect but appear to be a reasonable attempt on petitioner's part to timely file and correct the lack of signature. However, we held in <u>Vaira</u> that the mere fact that the taxpayer failed to sign the return because he "overlooked it" was not reasonable cause within the meaning of section 6651(a). <u>See</u> <u>id.</u> at 1006. While we sympathize with petitioner's position and recognize the harshness of the outcome, we accept this Court's previous holding in <u>Vaira</u>. Accordingly, we sustain respondent's determination of the addition to tax for late filing.

### III. Accuracy-Related Penalty Under Section 6662(a)

Under section 6662(a) and (b)(1) and (2), 20% of the portion of an underpayment attributable to negligence or disregard of rules or regulations or a substantial understatement of income tax shall be added to the tax. A substantial understatement of income tax exists where the amount of tax to be shown on a return exceeds the amount shown on the return by the greater of 10% of the tax required to be shown or $5,000. Sec. 6662(d). Respondent determined a $6,640 income tax deficiency and petitioner had shown tax due of $99.83 on his 2012 return. Accordingly, there is a "substantial understatement".

"Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the tax law, and "disregard" includes any careless, reckless,

[*11] or intentional disregard. Sec. 6662(c). Petitioner received Forms W-2 and 1099 reflecting that he had received wages or payments from Alfie Entertainment, Inc., Santa's Magical Kingdom, St. Louis Community College, Steve Eggering Construction, LLC, and Pacific. Instead of attaching those documents to his 2012 return and showing the wages and payments as taxable, he prepared and submitted Forms 4852 reflecting zero wages or compensation, and none of the amounts received were shown as taxable. These actions demonstrate that petitioner acted with negligence or disregard within the meaning of section 6662(b)(1).

Under these circumstances respondent's burden of production is met for the determination of the section 6662(a) and (b)(2) penalty, and it becomes petitioner's responsibility to show either that there was substantial authority for his failure to include receipts in income, or that the relevant facts affecting the items' tax treatment are adequately disclosed in the return or in a statement attached to the return, or that he had a reasonable basis for his tax treatment of the items. See sec. 6662(d)(2)(B).

Petitioner has not shown substantial or credible authority for his failure to include the receipts in income. His use of the Forms 4852 was an attempt to mask the true nature of the payments received and instead to characterize them as nontaxable for reasons lacking a basis in law or fact. The caselaw and reasoning

**[\*12]** proffered by petitioner on his return and in this case have been repeatedly rejected by the Courts for many years before his attempt to file his 2012 tax return. Accordingly, respondent's determination of an accuracy-related penalty is sustained.

IV.  Jurisdiction Over Section 31 Payments and Credits

In the notice of deficiency, respondent adjusted the amount of petitioner's reported "withholding tax" by reducing the amount of income tax withholding reported by the withholding for Medicare and Social Security.  Respondent contends that this Court does not have jurisdiction over tax payments and credits and, accordingly, that petitioner does not have a remedy in this Court with respect to respondent's determination to reduce the income tax withholding credits by the amount of the Medicare and Social Security credits.  Petitioner contends that the withholding credit issue was "not raised" in the notice of deficiency and is therefore new matter within the meaning of Rule 142(a).  Contrary to petitioner's contention, the notice of deficiency clearly shows a $354 reduction or decrease in withholding credits.

In Forrest v. Commissioner, T.C. Memo. 2011-4, slip op. at 7-8, this Court's lack of jurisdiction over withholding credit issues was explained as follows:

**[*13]**     Section 6213(a) allows the taxpayer to seek judicial review of a proposed deficiency before this Court. Under section 6211(b)(1) a deficiency is determined "without regard to payment on account of estimated tax, without regard to the credit under section 31". Section 31 generally allows the taxpayer to claim a credit for Federal income tax withheld from wages for that taxable year. The amount of an overstated credit may be summarily assessed and is not subject to deficiency procedures. Sec. 6201(a)(3); <u>Bregin v. Commissioner</u>, 74 T.C. 1097, 1104-1105 (1980).

Accordingly, we are without jurisdiction to address respondent's adjustment

to petitioner's withholding credits in this case.

To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered</u>.