Cyril E. DAVIES; Michele N. Davies,
Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.

Salvador A. LOMBARDO,
Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee (Two Cases).

Albert R. CARTER; Ella B. Carter,
Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.

E. Harrison VAN O'LINDA; Jean C. Van
O'Linda, Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.

Nos. 94–70099, 94–70315, 94–70316,
94–70317 and 94–70523.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 1995.

Memorandum Filed July 26, 1995.

Order and Opinion Decided Oct. 12, 1995.

John Harrison Wegge, Pasadena, California, for petitioners-appellants.

Joan I. Oppenheimer, Tax Division, United States Department of Justice, Washington, D.C., for respondent-appellee.

Before: FARRIS and O'SCANNLAIN, Circuit Judges, and TASHIMA,* District Judge.

### ORDER

The request for publication is granted.

The memorandum disposition filed July 26, 1995, is redesignated as an authored opinion by Judge Farris.

### OPINION

FARRIS, Circuit Judge:

Taxpayers appeal adverse rulings of the tax court on their petitions to redetermine income tax deficiencies. All argue that the government violated the grand jury secrecy provisions of Federal Rule of Criminal Procedure 6(e) and that Judge Gerber should have granted their motion to recuse. In addition, the Van O'Lindas assert that we lack jurisdiction to hear their appeal.

### I.

■ The Van O'Lindas mailed their notice of appeal after mailing notification to the tax court of Jean C. Van O'Linda's Chapter 11 bankruptcy petition. They now contend that the automatic stay provided by the bankruptcy code (11 U.S.C. § 362(a)(8)) voids their notice of appeal.

On October 5, 1994, the bankruptcy court lifted the automatic stay as applied to this case on appeal. A bankruptcy court may retroactively ratify an action that would have been voided by the stay. *In re Schwartz*, 954 F.2d 569, 573 (9th Cir.1992). We have jurisdiction.

### II.

■ The primary issue on appeal concerns Federal Rule of Criminal Procedure 6(e). Taxpayers argue that all material "amassed for presentment to a grand jury" is "protected by the secrecy provisions of Rule 6(e)." Taxpayers' statement of law is incorrect. Rule 6(e) protects only materials that "reveal some secret aspect of the inner workings of the grand jury." *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1413 (9th Cir.1993).

■ Taxpayers also argue that several fact-finding errors by the tax court warrant reversal. They assert that Donald Harper, a former Berg & Allen lawyer, improperly disclosed to the civil examination division (1) a Berg & Allen client list and (2) information concerning a new Berg & Allen tax scheme. Taxpayers do not challenge the tax court's finding that Halper contacted the IRS voluntarily. While there is some dispute as to when a grand jury was convened, this dispute is not relevant to the applicability of Rule 6(e) to disclosures made by Halper. Rule 6(e) simply does not apply to information voluntarily provided by Halper because a witness's "knowledge and information" is not covered by the rule. *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 425, 103 S.Ct. 3133, 3138, 77 L.Ed.2d 743 (1983) ("Witnesses are not under the [disclosure] prohibition unless they also happen to fit into one of the enumerated classes.").

Taxpayers also assert that the government had previously stipulated that "*all* materials sought by Berg & Allen related taxpayers were grand jury matters subject to Rule 6(e)." Even if this statement in the June 2, 1988 order now binds the government, Taxpayers have not shown, and the government has never stipulated, that materials were *disclosed* in violation of Rule 6(e).

Taxpayers' remaining asserted fact-finding errors do not affect our conclusion that Rule 6(e) was not violated.

### III.

■ Taxpayers also contend that Judge Gerber erred by denying their motion to recuse. Taxpayers' motion was based on 28 U.S.C. § 455(a), which provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." We review for

---

* The Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation.

abuse of discretion. *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir.1993).

Judge Gerber notified Taxpayers' counsel before trial that he had served as IRS Deputy Counsel and as Acting Chief Counsel. Taxpayers did not object. Taxpayers moved for recusal nearly one year later, after Judge Gerber had ruled against them. Recusal motions "must be made in a timely fashion." *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir.1992). Taxpayers' motion was not timely. *See id.* (recusal motion filed 8 months after grounds known and after judge ruled adversely, untimely). It was properly denied.[1]

**AFFIRMED.**

1. Taxpayers' motions for judicial notice and to seal the appellate record are denied.