# United States Tax Court

T.C. Memo. 2023-75

NOEL M. PARDUCCI AND KENNETH L. PARDUCCI, ET AL.,[1]
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket Nos. 20894-19,  6791-20,            Filed June 21, 2023.
10830-20,  17749-21,
17771-21.

————

*Jonathan D. Mishkin*, for petitioners in Docket No. 20894-19.

*Richard C. Gano* and *David J. Warner*, for petitioners in Docket Nos. 6791-20 and 10830-20.

Dennis Simpson (trustee), for petitioner in Docket No. 17749-21.

Dennis Simpson, pro se in Docket No. 17771-21.

*Kelley A. Blaine*, *Janice B. Geier*, *Karen O. Myrick*, *Alex R. Halverson*, and *Caitlin A. Homewood*, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

BUCH, *Judge*: The Court held a partial trial in these cases on the limited question of whether the Form 1040, U.S. Individual Income Tax

---

[1] Cases of the following petitioners are consolidated herewith: Jeffrey D. Hoyal and Lori D. Hoyal, Docket No. 6791-20; Crater Lake Trust, David Hoyal, Trustee, Docket No. 10830-20; Scenic Trust, Dennis Simpson, Special Trustee, Docket No. 17749-21; and Dennis Lee Simpson, Docket No. 17771-21.

**Served 06/21/23**

[*2] Return, filed for petitioner Dennis Lee Simpson for 2013 is actually his return.

Mr. Simpson's 2013 Form 1040 was not signed by him nor accompanied by any document showing that he authorized anyone to sign it on his behalf. An individual return must be signed by the individual required to file the return or by an agent authorized to sign on behalf of the individual. If the return is signed by someone authorized to do so, that authorization must accompany the return. Because Mr. Simpson neither signed his 2013 Form 1040 nor included a document showing that he authorized an agent to sign it on his behalf, the return filed as Mr. Simpson's 2013 Form 1040 is not a valid return.

FINDINGS OF FACT

Mr. Simpson's purported 2013 federal income tax return was filed on October 15, 2014. The return included two signatures: one for Curtis Ankerberg, a certified public accountant who signed as the preparer, and one purporting to be for Mr. Simpson. Both signatures were dated October 15, 2014.

How Mr. Simpson's purported signature came to be on that return is unclear. Mr. Ankerberg prepared returns for Mr. Simpson and other petitioners involved in these consolidated cases. Petitioner Noel Parducci, who at the time was an administrative assistant to Mr. Simpson and petitioner Jeffrey Hoyal, obtained the returns from Mr. Ankerberg and delivered them to Mr. Hoyal in his office. A short time later, Ms. Parducci took envelopes containing tax returns to the Jacksonville, Oregon, post office for mailing. Mr. Simpson's purported return was mailed from Jacksonville, Oregon, and we infer that one of those envelopes contained that return. Notably, Mr. Simpson was not present at Mr. Hoyal's office and lived in Southern California at the time.

On August 2, 2021, the Commissioner issued a notice of deficiency to Mr. Simpson making adjustments to what purported to be his return. While residing in California, Mr. Simpson filed a Petition, assigned Docket No. 17771-21. While the parties were preparing these cases for trial, Mr. Simpson questioned whether the return upon which his notice of deficiency was predicated was his return.

On February 22, 2023, the Commissioner filed a Motion to Calendar for Hearing the issue of "whether the tax return for petitioner Dennis Simpson for tax year 2013, upon which the notice of deficiency

**[\*3]** issued to Mr. Simpson was based, was signed or otherwise authorized by Mr. Simpson." This new issue arose long after the Petitions in these cases were filed, and the resolution of this issue would likely affect the discovery and ultimate issues to be tried in these cases. Both Mr. Simpson and the Commissioner provided Exhibits and Prehearing Memoranda. Various witnesses testified, including James Greene, a forensic document examiner, who opined that the signature on the 2013 return was not Mr. Simpson's signature. Mr. Simpson testified that he neither signed the return nor authorized anyone to sign the return on his behalf. No one offered any contradictory evidence.

## OPINION

"Failure to satisfy the requirements for filing a return is fatal to the validity . . . of the return." *Elliott v. Commissioner*, 113 T.C. 125, 128 (1999). Section 6011(a)[2] provides that "any person made liable for any tax . . . shall make a return . . . according to the forms and regulations prescribed by the Secretary." A return required to be made must "contain or be verified by a written declaration that it is made under the penalties of perjury," I.R.C. § 6065, and "be signed in accordance with forms or regulations prescribed by the Secretary," I.R.C. § 6061(a). A return is signed if it is (1) signed by the individual required to make the return or (2) "signed for the taxpayer by an agent who is duly authorized in accordance with paragraph (a)(5) or (b) of [Treasury Regulation] § 1.6012-1 to make such return." Treas. Reg. § 1.6061-1(a).

I.  *Whether Mr. Simpson Signed the 2013 Return*

Mr. Simpson argues that the 2013 Form 1040 is not a valid return because he did not personally sign it. Although Mr. Simpson's 2013 Form 1040 includes a signature purporting to be his, he contends that he did not sign the return. Section 6064 provides that an individual's name signed on a return is "prima facie evidence for all purposes that the return . . . was actually signed by him." But this presumption is not absolute and can be rebutted. To overcome this presumption, Mr. Simpson must offer sufficient evidence to prove that the signature on the return is not his signature. *See Soni v. Commissioner*, T.C. Memo. 2021-137, at \*24.

---

[2] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, and regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times.

[*4]    Mr. Simpson has established that the signature on his 2013 Form 1040 is not his signature. Mr. Greene, a forensic document examiner, opined that it is highly probable that the signature on the 2013 Form 1040 is not Mr. Simpson's signature. He provided the Court with exemplars of Mr. Simpson's signature on various documents, and it is plain that the signature on the 2013 Form 1040 does not match, and is not similar to, those other signatures. Mr. Simpson did not personally sign the return.

II.    *Whether the Return Was Made by an Authorized Agent*

There is no evidence that Mr. Simpson properly authorized someone to sign his 2013 Form 1040 on his behalf. Mr. Simpson argues that he did not authorize an agent to sign the return on his behalf. He testified, examined witnesses, and provided various documents to support his position, none of which affects our conclusion. Returns made by agents must be accompanied by a power of attorney or Form 2848, Power of Attorney and Declaration of Representative. *Lombardo v. Commissioner*, 99 T.C. 342, 356 (1992), *aff'd sub nom. Davies v. Commissioner*, 68 F.3d 1129 (9th Cir. 1995); Treas. Reg. § 1.6012-1(a)(5). Mr. Simpson's purported 2013 tax return was not accompanied by a power of attorney or Form 2848. Therefore, the return failed to satisfy the requirements for returns made by authorized agents. *See Mohamed v. Commissioner*, T.C. Memo. 2013-255, at *3–5, *12–13 (finding a return signed by a tax return preparer and business partner not valid because no Form 2848 authorizing the business partner to sign on the taxpayer's behalf accompanied it). The signature on Mr. Simpson's purported 2013 Form 1040 was not made by a properly authorized agent.

III.    *Conclusion*

Mr. Simpson neither signed the 2013 Form 1040 nor properly authorized an agent to sign it on his behalf.

*An appropriate order will be issued.*